J-S30021-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS GENE BERRY | |
| Appellant | No. 1433 WDA 2017 |

Appeal from the PCRA Order entered August 31, 2017
In the Court of Common Pleas of Beaver County
Criminal Division at No: CP-04-CR-0002307-2016

BEFORE:   BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STABILE, J.:                      FILED AUGUST 21, 2018

Appellant, Douglas Gene Berry, appeals from the August 31, 2017 order

entered in the Court of Common Pleas of Beaver County, denying his petition

for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S.A. §§ 9541-9546.  Following review, we reverse and remand.

The PCRA court provided the following procedural history:

> On November 28, 2016 [Appellant] was charged by criminal
> information with one count of flight to avoid
> apprehension/trial/punishment, 18 Pa.C.S.A. [§] 5126(a).  On
> December 7, 2016, [Appellant] pled guilty [to] the single count of
> flight to avoid apprehension/trial/punishment (as a misdemeanor
> of the second degree) and was sentenced to a period of
> incarceration of not less than 12 months nor more than 24 months
> in a state penal or correctional institution.  This plea and sentence
> in this case was entered pursuant to the terms of a plea

_____

* Retired Senior Judge assigned to the Superior Court.

agreement. At the time scheduled for his plea and sentencing, [Appellant] was not represented by counsel. The Assistant District Attorney advised the court that he [had] spoken with [Appellant] prior to the time the case was called and was informed that the attorney who had represented him at the time of the preliminary hearing was no longer representing [Appellant] and that he would not [sic] be appearing pro se.

The Assistant District Attorney provided [Appellant] with a written and verbal guilty plea colloquy which [Appellant] completed and signed.[1] Additionally, [Appellant] was provided with, and signed a notice of rights following sentence form which indicates his right to file an appeal from the imposition of sentence within 30 days or to file a post sentence motion.[2] [Appellant] did not file a post sentence motion or a direct appeal within the statutory time limits to preserve his right of appeal.

On or about April 13, 2017, [Appellant] filed a pro se [PCRA petition] and subsequently, this court appointed the Beaver County Public Defender's office to represent him for purposes of his motion/petition. The Assistant Public Defender incorporated [Appellant's] pro se motion for relief in his own motion and attached it as Exhibit "A." In his motion, [Appellant] asserts claims of ineffective assistance of counsel, and what appears to be an argument on the merits of his case.

_____

[1] The written guilty plea colloquy included, inter alia, the following information regarding appeals from a guilty plea conviction:

If you cannot afford a lawyer to represent you and/or you are contending that your attorney, who represented you at your guilty plea, was incompetent, you have the right to have another lawyer appointed for you[.]

Guilty Plea Written Colloquy, 12/7/16, at ¶ 20. With his initials, Appellant indicated his understanding of the matters addressed in that paragraph.

[2] The notice included language indicating Appellant had "the right to the assistance of an attorney to prepare the [post-sentence] motion and file the appeal. If you cannot afford to pay an attorney to prepare and file any of the papers mentioned above, and you qualify as an indigent person, the Court will appoint an attorney to assist you free of charge." Notice of Rights Following Sentence, 12/7/16, at 1.

PCRA Court Rule 907 Notice of Intention to Dismiss, 8/7/17, at 1-2 (footnotes and some capitalization omitted). In its notice, the PCRA court explained its determination that Appellant did not articulate eligibility grounds for PCRA relief and that his petition would be dismissed without a hearing. Id. at 2. By order entered August 31, 2017, the PCRA court dismissed the petition and advised Appellant of his right to file an appeal to this Court within thirty days of the entry of the court's order.

Appellant filed a timely pro se notice of appeal. The court did not order the filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On October 3, 2017, the PCRA court issued an opinion in accordance with Pa.R.A.P. 1925(a), indicating that the reasons for its August 31, 2017 order were set forth in its Rule 907 Notice of Intent to Dismiss filed on August 7, 2017.

Appellant asks us to consider the following issue on appeal:

I. Whether the Appellant knowingly, intelligently, and voluntarily waived his right to counsel and exercised his right of self-representation?

Appellant's Brief at 7.

As our Supreme Court has explained, "[R]eview of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." Commonwealth v. Mason, 130 A.3d 601, 617 (Pa. 2015) (quoting Commonwealth v. Hanible, 30 A.3d 426, 438 (Pa. 2011) (additional citation

- 3 -

omitted)). "We review the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." Id.

As the PCRA court recognized:

> The right to self-representation is necessarily implied within the structure of the Sixth Amendment of the U.S. Constitution. Before a defendant will be permitted to proceed pro se, the defendant must knowingly, voluntarily, and intelligently waive his Sixth Amendment right to counsel. To ensure a proper waiver, the trial court must conduct a "probing colloquy," as was described by the Pennsylvania Supreme Court in [Commonwealth v. Starr, 664 A.2d 1326 (Pa. 1995)].

PCRA Court Rule 907 Notice of Intention to Dismiss, 8/7/17, at 5 (citations omitted). In Starr, our Supreme Court explained that the trial court must make an inquiry into whether the defendant is aware of his right to counsel and aware of the consequences of waiving that right. Starr, 664 A.2d at 1335. In Commonwealth v. Johnson, 158 A.3d 117 (Pa. Super. 2107), we explained:

> It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation. See Commonwealth v. Davido, 582 Pa. 52, 868 A.2d 431, 437–38 (2005). "Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." Commonwealth v. Payson, 723 A.2d 695, [699-]700 (Pa. Super. 1999) (citations omitted). "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (footnotes and citations omitted).

Id. at 121.

Pennsylvania Rule of Criminal Procedure 121, Waiver of Counsel, sets forth the required areas of inquiry for waiver of counsel, and provides, in relevant part:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a)     that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b)     that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c)     that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d)     that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e)     that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f)     that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The judge or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the

examination of the defendant pursuant to paragraph (A)(2). The judge or issuing authority shall be present during this examination.

Pa.R.Crim.P. 121(A)(2)-(3).

Particularly relevant to his case is the requirement under Pa.R.Crim.P. 121(A)(2)(a), that the colloquy include inquiry into "whether or not . . . the defendant understands that he has the right to be represented by counsel, and the right to have free counsel appointed if he is indigent[.]" Starr, 664 A.2d at 1335.[3]

Here, at Appellant's guilty plea hearing, the prosecutor explained to the court:

> Your Honor, before I begin, I did have an opportunity to speak with [Appellant] before we, he was brought up here. I know he was represented by Komron Maknoon at the preliminary hearing. Since then, I believe, he has ended his representation with Mr. Maknoon, or they ended their relationship. He is appearing [] pro se.
>
> I have spoken to him about, you know, he does have the right to get counsel. He always has that right. I don't want to force anything upon him. I went over the agreement with him. I went over his guilty plea. He is prepared to plea[d] today.

Notes of Testimony (N.T.), Guilty Plea Hearing, 12/7/16, at 2. The trial court then questioned Appellant in the following exchange:

> THE COURT: Clearly, this, this, you had an attorney represent you at the time of the preliminary hearing in this case?
>
> [APPELLANT]: Yes, I did.

_____

[3] At issue in Starr was Pa.R.Crim.P. 318, which has since been renumbered as Pa.R.Crim.P. 121.

THE COURT: His name is Maknoon?

[PROSECUTOR]: Komron Maknoon.

THE COURT: Maknoon, and he signed off on a plea agreement for you at the time?

[APPELLANT]: Yes, he did, yep.

THE COURT: And well, I can't force him to come here today - -

[APPELLANT]: No, no, that's fine. I, I - -

THE COURT: I have to make - -

[APPELLANT]: I think this is the best way to go unfortunately.

THE COURT: It may be. I have to make sure you understand that you have a right to counsel now, you have a right to ask for a jury trial and go to trial on this case.

[APPELLANT]: I'd like to just get it over with, Your Honor.

\* \* \*

THE COURT: First, I got, got to make sure you understand you have a right to counsel.

[APPELLANT]: Yep.

THE COURT: And whether you go to trial or enter a plea, you have that right, and you're waiving that right now formally on the record. You don't have a lawyer to represent you at this juncture?

[APPELLANT]: That's right.

THE COURT: Okay.

[PROSECUTOR]: And your Honor, I can go over the colloquy with him.

THE COURT: Go, go for it. Thank you, sir.

Id. at 3-5. The prosecutor proceeded to inquire into Appellant's education, his understanding of the plea and possible penalties, his right to a trial by jury, and the waiver of rights resulting from his guilty plea. However, his inquiries related to the guilty plea rather than waiver of the right to counsel as reflected in the following exchange:

[PROSECUTOR]: Did we go over, did I go downstairs with this document known as a Guilty Plea Colloquy, do you recognize this document?

[APPELLANT]: Oh, yes.

[PROSECUTOR]: Okay. It's a four-page document, and it's about your rights that you have in this case. Did we go over each of these questions?

[APPELLANT]: Yes, we did.

* * *

[PROSECUTOR]: Do you have any questions about this Guilty Plea Form?

[APPELLANT]: None at all.

[PROSECUTOR]: Okay. If I were to ask you each and every one of these questions under oath, would your answers by the same?

[APPELLANT]: Yes.

Id. at 7-8. The prosecutor then moved for admission of the guilty plea form, which the trial court admitted and made part of the record of the hearing. Id. at 8-9.

Appellant argues that the trial court's "complete failure [at the plea hearing] to explain to the Appellant that he could be provided with a free

attorney if he was indigent" supports his contention that he did not knowingly, voluntarily or intelligently waive his right to counsel. Appellant's Brief at 19 (emphasis added). We are constrained to agree. Clearly, Appellant acknowledged his right to counsel and expressed his desire to "get it over with." N.T., Guilty Plea Hearing, 12/17/16, at 3-4. However, the trial court failed to conduct the "probing colloquy" mandated by Rule 121(A)(2). As this Court explained in Commonwealth v. Phillips, 93 A.3d 847 (Pa. Super. 2014):

> Failure to conduct a thorough on-the-record colloquy before allowing a defendant to proceed to trial pro se constitutes reversible error. "A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional 'right.' Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication, as in the case of a criminal trial conducted in absentia after the defendant fails to appear." Commonwealth v. Mallory, 596 Pa. 172, 189, 941 A.2d 686, 697 (2008).

Id. at 853 (citation omitted).

Here, Appellant acknowledged his right to counsel and indicated his desire to "get it over with," but there is no indication he understood he was entitled to counsel, free of charge, if indigent.[4] Moreover, although Appellant was represented at his preliminary hearing, there is no indication he was represented by that attorney beyond the preliminary hearing stage. As this

_____

[4] While we do not presume Appellant's indigent status at the time of the colloquy, we do note that he was granted in forma pauperis status for the instant appeal.

- 9 -

Court reiterated in Phillips, "[A] judge's thorough inquiry into the accused's appreciation of both [the right to counsel and the right to represent oneself] must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding." Id. at 854 (quoting Commonwealth v. Baker, 464 A.2d 496, 499 (Pa. Super. 1983) (alterations in original)).

Citing Commonwealth v. Rachak, 62 A.3d 389, 395 (Pa. Super. 2012), the Commonwealth contends Appellant is not entitled to relief under the PCRA because he did not seek to withdraw his guilty plea, despite being provided information regarding the requirements for doing so and the ramifications for failing to do so. Commonwealth Brief, at 5-6. However, Rachak is inapposite. There, the appellant argued in his PCRA petition that he did not enter into his guilty plea knowingly because he was unaware of the immigration consequences stemming from a conviction for the crimes to which he pled guilty. We agreed that the appellant should have raised this issue on direct appeal and his failure to do so resulted in waiver under 42 Pa.C.S.A. § 9544(b).[5] Id. at 395-96. By contrast, at issue here is the constitutional right to counsel. As we noted in Johnson:

_____

[5] "An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

> "Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue sua sponte." Commonwealth v. Colavita, 606 Pa. 1, 993 A.2d 874, 891 (2010) (quoting Steiner v. Markel, 600 Pa. 515, 968 A.2d 1253, 1257 (2009)). However, . . . "as a general rule, failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding. This rule does not apply where the defendant knowingly and intelligently waived representation by counsel." Commonwealth v. Monica, 528 Pa. 266, 597 A.2d 600, 603 (1991) (citation omitted).

Johnson, 158 A.3d at 121.

Because a guilty plea hearing is a critical stage and Appellant was not properly informed of his rights on the record, we are constrained to find that Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel. The trial court's failure to conduct a colloquy in accordance with Pa.R.Crim.P. 121(A)(2) prior to the guilty plea hearing requires us to reverse the PCRA court's August 31, 2017 order dismissing Appellant's PCRA petition, vacate Appellant's judgment of sentence, and remand for a new guilty plea hearing. If on remand Appellant is represented by counsel but wishes to proceed pro se, the court shall conduct a Grazier[6] hearing. If Appellant appears pro se, the court shall conduct a colloquy that complies with Pa.R.Crim.P. 121(A)(2).

_____

[6] Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998).

- 11 -

Order reversed. Judgment of sentence vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2018