J-S16029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ERIC A. CHAMBERS | : | |
| Appellant | : | No. 1778 MDA 2018 |

Appeal from the PCRA Order Entered September 20, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000392-2012

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 12, 2019**

Eric A. Chambers (Appellant) appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons that follow, we vacate the PCRA court's order and remand for a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

On September 9, 2011, Appellant shot Jalil Walters outside of the Jazzland Bar in Harrisburg, Pennsylvania, during an altercation with Walters and several of his friends. On May 16, 2013, a jury found Appellant guilty of attempted murder, aggravated assault, persons not to possess a firearm, firearms not to be carried without a license, simple assault, and recklessly endangering another person. On July 17, 2013, the trial court sentenced Appellant to an aggregate term of 25 to 50 years of incarceration and assessed a $4,000.26 fine. Appellant filed a timely appeal.

On November 25, 2014, this Court affirmed Appellant's convictions, but vacated the portion of the judgment of sentence in which the trial court assessed the $4,000.26 fine. *See Commonwealth v. Chambers*, 1961 MDA 2013 (Pa. Super. Nov. 25, 2014) (unpublished memorandum). On June 2, 2015, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On July 24, 2015, Appellant filed the underlying *pro se* PCRA petition, his first. On April 22, 2016, the PCRA court appointed counsel. On March 20, 2017, Appellant, although represented by counsel, filed a *pro se* "motion to withdraw counsel," in which he sought the removal of PCRA Counsel because Appellant and PCRA Counsel had "yet to come to a mutual understanding of what [Appellant]'s arguments/claims to be raised are[,]" and requested to proceed with PCRA proceedings representing himself. Motion to Withdraw Counsel, 3/20/17, ¶ 3. In response, on April 17, 2017, PCRA Counsel filed a petition for leave to withdraw as counsel in which he likewise sought removal from Appellant's case based on Appellant's withdrawal motion and "fundamental issues [that] have made representation unreasonably difficult." Petition for Leave to Withdraw as Counsel, 4/17/17, ¶ 4. On October 20, 2017, the court granted PCRA Counsel's petition to withdraw. There is no indication in the record that the court held a *Grazier* hearing. *See* Order, 10/20/17 (stating that PCRA Counsel "is permitted leave to withdraw as

counsel" and granting Appellant "thirty (30) days to file a supplemental PCRA that raises all issues that he would like the court to consider.").

On July 19, 2018, the PCRA court held a hearing on Appellant's PCRA petition during which Appellant represented himself. On September 20, 2018, the PCRA court dismissed Appellant's PCRA petition. This timely *pro se* appeal followed.

Before we can address the issues Appellant raises on appeal, we must first consider whether Appellant properly waived his right to counsel. This Court has held that "where an indigent, first-time PCRA petitioner was denied his right to counsel – or failed to properly waive that right – this Court **is required** to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017) (emphasis in original) (quoting **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011)).

Criminal defendants have a rule-based right to the assistance of counsel for their first PCRA petition. Pa.R.Crim.P. 904(C); **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (explaining that "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process [ ]"). Appointed PCRA counsel may withdraw from representation only after he or she certifies that the PCRA petitioner's claims lack merit by complying with the mandates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). A criminal defendant may also waive the right to be represented by counsel, Pa.R.Crim.P 121(A)(1), provided that the waiver of the right to counsel is knowing, voluntary, and intelligent, Pa.R.Crim.P. 121(A)(2).

In *Grazier*, our Supreme Court stated, "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Grazier*, 713 A.2d at 82. This Court has emphasized, in the context of waiver of counsel for purposes of PCRA proceedings, the absolute necessity to conduct an on-the-record colloquy. *Robinson*, 970 A.2d at 458-60. We explained:

> Regardless of how unambiguous a defendant's expression may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot knowingly, voluntarily, and intelligently waive counsel until informed of the full ramifications associated with self-representation.

*Id.* at 460 (quotations and citation omitted).

Our review of the certified record transmitted to this Court reveals that although Appellant sought the removal of PCRA Counsel and stated that he wished to represent himself during PCRA proceedings, the PCRA court never conducted an on-the-record colloquy, pursuant to *Grazier*, in order for Appellant to knowingly, voluntarily, and intelligently waive his right to counsel. Additionally, the record indicates that PCRA Counsel never filed a petition in

which he certified that Appellant's claims lacked merit and sought leave to withdraw as counsel pursuant to *Turner/Finley*.

Accordingly, we vacate the PCRA court's order dismissing Appellant's PCRA petition. We remand to the PCRA court for a *Grazier* hearing to determine, on-the-record, after the appropriate colloquy, whether Appellant's waiver of his right to counsel is knowing, voluntary and intelligent. In the event that Appellant changes his mind and does not wish to proceed *pro se*, the PCRA court shall appoint counsel, and Appellant's new counsel may file an amended PCRA Petition or a *Turner/ Finley* letter.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/12/2019