J-S55010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KEITH CHRISTOPHER GIRVAN :
:
Appellant : No. 107 WDA 2020

Appeal from the Judgment of Sentence Entered December 18, 2019
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000159-2019

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                           **FILED: July 14, 2021**

Keith Christopher Girvan appeals *pro se* from his December 18, 2019 judgment of sentence of five to ten years of incarceration, which was imposed following his conviction of aggravated assault, simple assault, and other related offenses.[1]  After thorough review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Disposition of this appeal was delayed for two reasons.  First, we remanded the record for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine if Appellant desired to proceed *pro se* on appeal, and if so, to ascertain whether his request to do so was knowing, voluntary, and intelligent.  Following a hearing, the trial court entered an order finding that Appellant understood that he had a right to an attorney on appeal, that Appellant rejected the public defender, that Appellant stated that he had the ability to hire an attorney, and that he would proceed *pro se*, and that Appellant knowingly, voluntarily, and intelligently waived his right to appellate counsel.  **See** Order, 3/19/20, at 1.  Second, on April 7, 2021, this Court entered an order pursuant to Pa.R.A.P. 1926, directing the trial court to obtain the transcription of notes of testimony for our use in evaluating whether a
*(Footnote Continued Next Page)*

The salient facts are as follows. On March 13, 2019, Appellant telephoned his parents, Robert and Carol Girvan and told them, "I hate you. I want to kill you." N.T. Jury Trial, 11/25/19, at 25. Less than one-half hour later, he entered their home carrying a knife, repeated his threats, and proceeded to punch his seventy-nine-year-old father multiple times. When Appellant's mother tried to prevent him from hitting his father, Appellant punched and shoved her, causing her to fall against a coffee table. Appellant returned to punching his father, and then left the home.

The victims called 911, and Pennsylvania State Trooper Kyle Freeman responded. He took photographs of Mr. and Mrs. Girvan's injuries and the scene within their home, all of which were introduced at trial. *Id*. at 41. Mr. Girvan went to the emergency room at a local hospital, where he was treated for a broken nose and received stitches for lacerations around his eyes.

Appellant was charged with two counts each of aggravated assault, terroristic threats, simple assault, recklessly endangering another person, and harassment. He was represented initially by Assistant Public Defender Cory Ricci. Following a request from Appellant that Attorney Ricci withdraw, and a subsequent "aggressive voicemail" from Appellant, Attorney Ricci filed a motion to withdraw as counsel. In response, Appellant detailed in a writing the reasons why he did not want the public defender's office to represent him.

---

proper waiver-of-counsel hearing had been conducted before Appellant was permitted to proceed *pro se* at trial. The record was supplemented with the transcripts on June 6, 2021.

Thereafter, the court entered an order stating that it would conduct a hearing and receive testimony from Appellant on July 10, 2019, regarding his reasons for wanting to dismiss his attorney and his understanding of the procedure if he retained private counsel or represented himself.

On July 10, 2019, Appellant reiterated his refusal to be represented by appointed counsel or any member of the public defender's office. He also declined to enter a plea to aggravated assault. After a waiver-of-counsel colloquy, the Court entered an order permitting the public defender to withdraw and reciting therein that Appellant had decided to represent himself and rejected the plea offer of the Commonwealth.

Following a conference on July 19, 2019, the attorney for the Commonwealth sent Appellant a copy of its criminal conference report. The assistant district attorney represented therein that he spoke with Appellant on July 16, 2019, and that Appellant was unwilling to plead to felony assault and would be requesting a jury trial. Appellant had advised the assistant district attorney that he wished to be represented by Alan Dershowitz, Esquire, but complained that he was being denied access to the attorney. The Commonwealth provided Appellant with Mr. Dershowitz's address.

The matter came up before the special plea court on August 28, 2019. Appellant represented himself, rejected the Commonwealth's offer, and requested a jury trial. A pretrial conference was scheduled for September 6, 2019, with jury selection set to begin on September 16, 2019. The court expressed its intent to appoint standby counsel for Appellant.

On September 5, 2019, Attorney John Lackatos entered his appearance on Appellant's behalf. Counsel filed a motion to continue the pretrial conference, which was granted, and the pretrial conference was rescheduled for November 1, 2019. At the conference, Appellant filed a *pro se* motion for dismissal. In the motion, he averred that private counsel had misled him, and that the delay of trial for two months violated his right to speedy trial pursuant to Rule 600. Appellant contended that he would not have consented to Attorney Lackatos's representation had he known that a continuance was necessary and that he would remain longer in jail. He asked for a change of venue, complained about access to the law library, and insisted that he had snapped due to his family situation. The trial court denied the motion but scheduled a hearing on the Rule 600 motion for November 21, 2019.[2] The trial court granted Attorney Lackatos permission to withdraw and stated that Appellant "wants to represent himself at trial." Order, 11/1/19.[3] Thereafter,

_____

[2] Appellant represented himself at the Rule 600 hearing. Following the hearing, the trial court found that the Commonwealth used due diligence to bring Appellant to trial within the required time and denied the motion. Specifically, the period of 180 days had not expired as of the date of the pre-trial conference on November 1, 2019, excluding the fifty-six days attributed to the continuance requested by Appellant. Any delay between the pretrial and the trial date was excused due to the inability of the trial court to schedule a trial, and because the Commonwealth selected the first available trial date.

[3] By order of November 7, 2019, the trial court noted the following: "The Defendant has chosen not to be represented by an attorney in the Office of the Public Defender or by private counsel, John Lackatos, and he will represent himself at jury selection and at trial. This court has determined it will be in the best interest of all concerned if standby counsel is appointed to assist the
*(Footnote Continued Next Page)*

- 4 -

a jury trial was scheduled for November 25, 2019, and Michael Marshall, Esquire, was appointed to serve as standby counsel. When trial commenced, Appellant represented himself with Attorney Marshall available to answer his questions. The jury convicted Appellant of all charges.[4]

On December 18, 2019, Appellant was sentenced in the aggregate to sixty to 120 months of imprisonment followed by forty-eight months of probation, and a fine on the summary harassment charges. Appellant filed a "Post-Sentence Motion of Acquittal" on January 9, 2020, and four days later, he filed an appeal to this Court from the judgment of sentence.

The trial court scheduled, and then canceled, a hearing on Appellant's post-sentence motion when it realized the motion was untimely. ***See*** Pa.R.Crim.P. 720(A)(1). However, acknowledging that Appellant's appeal was timely filed, the court entered an order directing Appellant to comply with Pa.R.A.P. 1925(b).

On January 27, 2020, Appellant filed what he styled a "Statement of Appeal/Case," which the trial court treated as a Rule 1925(b) statement, and the trial court issued its Rule 1925(a) opinion. Following remand at this

_____

Defendant by answering questions he may have concerning jury selection and trial." Order, 11/7/19.

[4] Appellant prematurely filed an appeal to the Commonwealth Court on December 5, 2019 from the Rule 600 determination and the verdict. By order of December 6, 2019, the trial court directed the clerk of courts to take no action as the Rule 600 order was not final and appeal would lie not from the verdict, but from judgment of sentence. The court notified Appellant that he had the right to file a post-sentence motion within ten days of sentencing or if not, to file a notice of appeal within thirty days of sentencing.

Court's direction for a *Grazier* hearing to ensure that Appellant voluntarily, knowingly, and intelligently waived his right to counsel on appeal, and receipt of supplementary notes of testimony, the matter is ripe for our review.

Appellant filed a five-page handwritten brief that does not comply with our appellate rules.[5] Nonetheless, we can discern the following issues. Appellant complains that he was denied counsel because his counsel was so ineffective that he had no recourse but to represent himself. He contends further that his father, Robert Girvan, provided falsified statements to police and at trial that cannot support his various convictions. Finally, Appellant argues that his sentence is excessive.

We turn first to Appellant's claim that he was denied counsel. The following principles inform our review. It is beyond cavil that a criminal defendant has a constitutional right to counsel. He also has a constitutional right, necessarily implied under the Sixth Amendment of the U.S. Constitution, to represent himself at trial. *Faretta v. California*, 422 U.S. 806 (1975). Similarly, Pa. Const. art. I, § 9 affords to a person accused of a criminal offense the right to counsel. *Commonwealth v. Lucarelli*, 971 A.2d 1173, 1175 (Pa. 2009). The right is not absolute, however. While defendants are entitled to choose their own counsel, they are not permitted to insist upon a

---

[5] Appellant's *pro se* brief does not contain a table of citations, statement of jurisdiction, statement of questions presented, fully developed argument, or citation to authorities. It is non-compliant with our appellate rules. *See*, *inter alia*, Pa.R.A.P. 2111(a).

particular counsel, or to unreasonably clog the administration of criminal justice. *Id*. In *Lucarelli*, the Court found waiver as the defendant knowingly and intelligently refused appointed counsel in favor of private counsel but took no steps to secure private counsel. *Id*. at 1179 (quoting *Commonwealth v. Szuchon*, 484 A.2d 1365, 1376 (Pa. 1984) (finding waiver where defendant insisted on particular counsel who was unavailable or by insisting on private counsel but failing to take any steps to retain an attorney).

Our High Court cautioned in *Commonwealth v. Blakeney*, 946 A.2d 645, 655 (Pa. 2008), that before a defendant will be permitted to proceed *pro se*, he or she must knowingly, voluntarily, and intelligently waive the right to counsel. To ensure that a waiver is knowing, voluntary, and intelligent, our Supreme Court held in *Commonwealth v. Starr*, 664 A.2d 1326, 1335-36 (Pa. 1995), that the trial court must conduct a "probing colloquy," defined as "a searching and formal inquiry" as to whether the defendant is aware both of the right to counsel and of the significance and consequences of waiving that right. That waiver-of-counsel colloquy is codified in Pa.R.Crim.P. 121:

> (1) The defendant may waive the right to be represented by counsel.
>
> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> > (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121.

The law is well settled that "[f]ailing to conduct an on-the-record colloquy pursuant to Rule 121(C) before allowing a defendant to proceed *pro se* constitutes reversible error." *Commonwealth v. Johnson*, 158 A.3d 117, 121 (Pa.Super. 2017). This Court added,

waiver [cannot] be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.

*Id*. (quoting **Commonwealth v. Monica**, 597 A.2d 600, 603 (Pa. 1991)).

The right is so important that we will raise the issue *sua sponte* where, as

here, the defendant is not represented by counsel. **Johnson**, **supra** at 121.

Our review of the certified record, as supplemented, confirms that a

proper waiver colloquy was conducted. Specifically, on July 10, 2019, the trial

court conducted a waiver-of-counsel colloquy that comported in all respects

with Rule 121. **See** N.T. Plea Hearing, 7/10/19, at 7-12. Hence, the certified

record establishes that Appellant "fully understood the ramifications of a

decision to proceed *pro se* and the pitfalls associated with the lack of legal

training." **Commonwealth v. Murphy**, 214 A.3d 675, 679 (Pa.Super. 2019)

(quoting **Commonwealth v. Robinson**, 970 A.2d 455, 460 (Pa.Super.

2009) (*en banc*)). Thus, we find that Appellant knowingly, intelligently, and

voluntarily waived his right to counsel.

To the extent that Appellant's claims can be construed as sounding in

ineffectiveness, they are deferred to collateral review under the Post-

Conviction Relief Act ("PCRA") pursuant to **Commonwealth v. Grant**, 813

A.2d 726, 738 (Pa. 2002). **See** Appellant's brief at unnumbered 4 (alleging

that he was denied assistance of counsel because the assistant public defender

was "disappointing," the counsel his mother retained on his behalf had a

conflict of interest, and that due to incarceration and his mother's refusal to

provide him with the addresses and telephone numbers of "friends and

acquaintances that are graduates of Harvard, Duke, Columbia, Georgetown

and Notre Dame law schools[,]" he was prevented from securing legal representation.).

Appellant also alleges that his father provided false testimony at trial that cannot support his convictions. Appellant misapprehends our standard of review when he urges us to disregard the credibility findings of the jury and substitute his view of the evidence. It is not our role to reweigh evidence. It is the factfinder's province "to resolve all issues of credibility, resolve conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge [the parties][,]" and we defer to those findings where, as here, they are supported by the evidence. *Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa.Super. 2006). No relief is due on this issue.

Finally, Appellant's claim that his sentence is excessive fares no better. A claim of excessiveness is a discretionary sentencing claim. As this Court has explained,

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa.Super. 2007) (citations omitted.

While Appellant filed a timely notice of appeal, he failed to preserve his discretionary sentencing claim in a timely post-sentence motion or at sentencing. Furthermore, he failed to include in his appellate brief a Pa.R.A.P. 2119(f) statement explaining how he has raised a substantial question. Moreover, his bald allegation that his sentence was excessive does not raise a substantial question. ***See Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa.Super. 2012) (finding no substantial question raised where appellant alleged that his sentence was excessive but did not allege what fundamental sentencing norm or sentencing code provision was potentially violated). Therefore, we may not reach Appellant's discretionary sentencing claim. No relief is due.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2021

- 11 -