J-A12027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIAN NAVARRO | : | |
| | : | |
| Appellant | : | No. 812 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002844-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIAN NAVARRO | : | |
| | : | |
| Appellant | : | No. 813 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002845-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIAN NAVARRO | : | |
| | : | |
| Appellant | : | No. 814 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002846-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-A12027-23

|                               |       |                                |
|-------------------------------|-------|--------------------------------|
|                               | :     |                                |
| v.                            | :     |                                |
|                               | :     |                                |
|                               | :     |                                |
| JULIAN NAVARRO                | :     |                                |
|                               | :     |                                |
| Appellant                     | :     | No. 815 EDA 2022               |

Appeal from the Judgment of Sentence Entered January 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002847-2019

|                                   |       |                                |
|-----------------------------------|-------|--------------------------------|
| COMMONWEALTH OF PENNSYLVANIA      | :     | IN THE SUPERIOR COURT OF       |
|                                   | :     | PENNSYLVANIA                   |
|                                   | :     |                                |
| v.                                | :     |                                |
|                                   | :     |                                |
|                                   | :     |                                |
|                                   | :     |                                |
| JULIAN NAVARRO                    | :     |                                |
|                                   | :     |                                |
| Appellant                         | :     | No. 816 EDA 2022               |

Appeal from the Judgment of Sentence Entered January 7, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002848-2019

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                           **FILED JUNE 20, 2023**

Appellant Julian Navarro appeals from the judgment of sentence following his convictions of five counts of possession of a controlled substance with intent to deliver (PWID).  On appeal, Appellant argues that he did not voluntarily, knowingly, and intelligently waive his right to counsel.  Appellant also raises claims concerning the sufficiency and weight of the evidence and the discretionary aspects of his sentence.  After careful review, we vacate the judgment of sentence and remand for further proceedings consistent with this memorandum.

- 2 -

The trial court summarized the procedural history of this matter as follows:

Appellant was charged with five counts of [PWID], 35 P.S. § 780-113(a)(30), all of which are ungraded felonies. Appellant was initially represented by Attorney Steven Mills. . . .

\* \* \*

[In March of 2020, while criminal trials were suspended for the COVID-19 pandemic,] Appellant filed a *pro se* handwritten letter requesting [the] removal of Attorney Mills as his counsel. The [trial court] received that letter on March 19, 2020. The same day, Attorney Mills filed a petition to withdraw as counsel. The [trial court] granted that petition on April 20, 2020. On May 15, 2020, Kathryn Smith, Esq.[,] of the Lehigh County Public Defender's Office entered her appearance on Appellant's behalf. However, Attorney Smith petitioned to withdraw on August 10, 2020. Following a hearing, her petition was granted and Appellant proceeded *pro se*.

Appellant subsequently filed several *pro se* motions including a [Pa.R.Crim.P.] 600 motion, a motion to suppress physical evidence, a petition for disclosure of the confidential informant, and a petition for *habeas corpus*. The [trial court] held a hearing on the Rule 600 motion on October 9, 2020[,] and denied it by order entered November 5, 2020. On November 24, 2020, the [trial court] held a hearing on all outstanding pretrial motions and took them under advisement. The [trial court] entered an order denying them on December 4, 2020.

A status conference was conducted on February 10, 2021. Appellant expressed an interest in entering a plea, but then expressed discomfort with the proposed plea agreement. Out of an abundance of caution and so as not to become involved in plea negotiations, the [trial court] subsequently appointed Robert Sletvold, Esq.[,] as counsel for Appellant. After numerous additional continuances, a jury trial was held on November 16-17, 2021. Attorney Sletvold served as stand-by counsel for Appellant. At the close of the trial, Appellant was convicted on each of the five criminal informations. A presentence investigation (PSI) report was ordered and sentencing was scheduled for January 7, 2022.

Appellant filed a *pro se* [Post Conviction Relief Act[1]] petition on December 20, 2021 against Attorney Sletvold. The [trial court] dismissed it without prejudice on December 28, 2021 based on the filing being premature.

On December 23, 2021, Joseph Schultz, Esq.[,] entered his appearance on Appellant's behalf. Attorney Schultz subsequently submitted a detailed sentencing memorandum which included letters from Appellant's family members.

The sentencing hearing was held on January 7, 2022. The [trial court] considered the PSI, sentencing guidelines, and the submissions contained in the sentencing memorandum. The [trial court] sentenced Appellant to twelve to twenty-four years of incarceration.

Appellant filed [counseled] "Defendant's Post Setence (sic) Motions and Motion for Reconsideration of Sentence" on January 16, 2022. The [trial court] denied those motions on February 23, 2022.

Trial Ct. Op., 8/8/22, at 5-7 (footnotes omitted, formatting altered).

Appellant filed a timely notice of appeal and a court-ordered Rule 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for our review:

1. Whether [] Appellant was deprived of his right to counsel and did not knowingly, voluntarily or intelligently waive his right in accordance with **Commonwealth v. Grazier**, [713 A.2d 81 (Pa. 1998)?] At the motions hearing on November 24, 2020, [] Appellant proceeded *pro se*, despite being entitled to counsel. Additionally, there is no record to suggest that the trial court conducted a colloquy to ensure that [] Appellant knowingly, voluntarily, and intelligently waived his right to counsel.

---

[1] 42 Pa.C.S. §§ 9541-9546.

- 4 -

2. Whether there was insufficient evidence to sustain [] Appellant's convictions for the five charges of [PWID?]

3. Whether the jury's verdict of guilty for five counts of [PWID] was against the weight of the evidence[?]

4. Whether the [trial] court's aggregate[] sentence of 12 to 24 years of incarceration was an abuse of discretion which did not adequately consider [] Appellant's mitigating factors and was greater than the 10-to-20-year sentence of incarceration which was recommended by the Lehigh County Adult Probation Department[?] Especially when, in justifying its upward departure from the sentencing guidelines, the [trial] court stated that it considered the impact of fentanyl, despite the sentencing guidelines already recommending increased offense gravity scores for crimes involving fentanyl.

5. Whether the [trial] court's decision to impose consecutive sentences for the five counts of [PWID] was an abuse of discretion[?]

Appellant's Brief at 11-12 (some formatting altered).

In his first issue, Appellant argues that he did not knowingly, voluntarily, or intelligently waive his Sixth Amendment right to counsel. *Id.* at 18. In support, Appellant refers to the trial court's on-the-record exchange with Appellant at the suppression hearing. *Id.* at 21-22. Appellant argues that "[e]ven if this [C]ourt considers [the] exchange a 'colloquy,'" it was "constitutionally deficient and a violation of Pa.R.Crim.P. 121" and "does not cover four of the essential components necessary in [a] colloquy pursuant to *Grazier*." *Id.* at 23-24. Appellant also contends that although he "was ultimately represented by counsel at his trial, he was deprived of that right at his suppression hearing," which was a critical stage of the criminal proceedings

and constitutes structural error. *Id.* at 25. Therefore, Appellant requests that we remand the case for further proceedings. *Id.* at 35-36.[2]

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section [9] of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." *Commonwealth v. Johnson*, 158 A.3d 117, 121 (Pa. Super. 2017) (citation omitted).

Pennsylvania courts have recognized that "[a] criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings." *Commonwealth v. Green*, 149 A.3d 43, 56 (Pa. Super. 2016) (citing, *inter alia*, *Faretta v. California*, 422 U.S. 806 (1975)). However, although a defendant's right to self-representation is guaranteed, it is not absolute. *Commonwealth v. Brooks*, 104 A.3d 466, 474 (Pa. 2014). To exercise the right to self-representation, a "defendant must demonstrate that he knowingly, voluntarily and intelligently waives his right to counsel." *Id.* (citation omitted); *see also* Pa.R.Crim.P. 121(A)(2).

This Court has explained:

_____

[2] In its brief, the Commonwealth maintains that because Appellant failed to include the August 10, 2020 transcript in the certified record, his first issue is not reviewable. Commonwealth's Brief at 9. We note, however, that the August 10, 2020 transcript was included in a supplement to the certified record.

In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it.

Moreover, the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer.

Thus, for this Court to uphold such a waiver, the record must clearly demonstrate an informed relinquishment of a known right.

*Commonwealth v. Phillips*, 93 A.3d 847, 852 (Pa. Super. 2014) (citations omitted and formatting altered).

Where a defendant seeks to waive his right to counsel, Rule 121 of the Pennsylvania Rules of Criminal Procedure sets forth the following requirements:

To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge . . . at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might

- 7 -

> be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). Rule 121 further requires that, "[w]hen the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(C).

> This Court has explained:
>
> Failing to conduct an on the record colloquy pursuant to Rule 121(C) before allowing a defendant to proceed *pro se* constitutes reversible error. Once federal constitutional rights are involved, and once it is clear . . . a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights. Furthermore, [a] waiver cannot be presumed [from] a silent record.
>
> The inherent importance of the right to counsel justifies its overwhelming protection and the rigorous requirements necessary to find waiver.
>
> \* \* \*
>
> A judge's thorough inquiry into the accused's appreciation of both the right to counsel and the right to represent oneself must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every critical stage of a criminal proceeding. A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage.

*Johnson*, 158 A.3d at 121-22 (citations omitted, formatting altered).

In the instant case, the record reflects that the trial court convened a hearing on Attorney Smith's motion to withdraw as counsel on August 10, 2020. At the hearing, the following exchange occurred between Appellant and the trial court:

> THE COURT: You had two bites at the apple, a paid [lawyer] and a free [lawyer], and if you don't like Attorney Smith to represent you, as I said, you're the lawyer.
>
> Now, I don't think you're trained as a lawyer, and I don't think you know all the legal arguments and defenses to be able to offer in a trial of each one of these cases if we went that far; is that correct?
>
> [Appellant]: Correct.
>
> THE COURT: How old are you?
>
> [Appellant]: 27.
>
> THE COURT: What was the highest level of school you've completed?
>
> [Appellant]: High school graduate.
>
> THE COURT: What kind of job did you have before you got locked up?
>
> [Appellant]: I was always locked up.
>
> THE COURT: Since the age of 18?
>
> [Appellant]: No, well, mainly.
>
> THE COURT: So you sound like an intelligent person. You were able to converse here today. And I think you understand what's going on here.
>
> [Appellant]: Yes, sir.
>
> THE COURT: But that doesn't mean you know everything that Attorney Smith, who is highly respected by the [trial court] in her representation of you, whether it's for purposes of crafting of a guilty plea, or representing you at trial, or offering arguments at sentencing.

- 9 -

[Appellant]:  Right.

THE COURT:  So you have some choices to really think through here.  I know Attorney Smith has said she thinks the two of you are friendly enough, but that you don't have confidence in her. And she thinks it's gotten to a point where it's not a healthy attorney-client relationship, but I think you need to think very, very carefully about whether you want to proceed with asking me to have her withdraw as your lawyer because, as I said, I'm not here for the purpose of just keeping throwing lawyers at you to see if you like that, does this shoe fit, does that shoe fit, not like that.

So the question really for you is, do you want to proceed with your allegations of ineffectiveness with Attorney Smith such that I feel compelled to grant her motion to withdraw as your lawyer?

[Appellant]:  Yes.

THE COURT:  Meaning you want to be your own lawyer?

[Appellant]:  Until I can find another lawyer, paid lawyer.

THE COURT:  That doesn't exist forever, either.  You get a certain -- I'll give you a trial date.  And if you come in for the date of trial saying I need more time, that's not going to happen.

[Appellant]:  Okay.

THE COURT:  I'm giving you full warning and full disclosure as to what you are going to be required to do to get a lawyer.  And if you come back to me and say I can't afford a lawyer, I need you to appoint me a new one, not going to happen.  This is not a game. . . .

N.T. Pretrial Hr'g, 8/10/22, at 13-17.[3]

At the conclusion of the hearing, the trial court granted Attorney Smith's

motion to withdraw.  At that time, the trial court explained:

_____

[3] The remainder of the August 10, 2020 transcript included discussion of the merits of Appellant's Rule 600 petition and administrative scheduling matters. *See id.* at 17-22.

- 10 -

I'm not appointing Attorney Smith as standby counsel as happens in other cases. I'm not preventing you from filing a motion to ask for her to be appointed standby counsel, and I'll hear you out on that. But I have to express to you, you are running a great risk by coming in here without a lawyer, especially on [September 17.] And I'm not going to continue to indulge a request to postpone your matter just so you can have more time. You and your family or whoever needs to start actively working towards finding counsel if that's what you wish.

*Id.* at 22.

On November 24, 2020, the trial court held a hearing on Appellant's omnibus pretrial motions. At that time, Appellant was not represented by counsel. After the Commonwealth requested that the trial court conduct an on-the-record colloquy to determine whether Appellant had waived his right to counsel, the following exchange occurred:

THE COURT: Now, you are without counsel today [Appellant]; is that correct?

[Appellant]: That's correct.

THE COURT: All right. And how old are you, [Appellant]?

[Appellant]: I'm 27 years old.

THE COURT: What's the highest level of school you've completed?

[Appellant]: High school graduate.

THE COURT: And are you under the care of a doctor for any medical or mental health condition?

[Appellant]: No.

THE COURT: Have you had any drugs or alcohol of any type in the last three days?

[Appellant]: No.

THE COURT: Within the first document that was received by the clerk's office on September the 4th – it's actually dated August

- 11 -

27th – you filed a motion to suppress physical evidence. Can you explain for [Assistant District Attorney] Zampogna and myself what it is you are seeking to have suppressed from presentation at trial?

N.T. Pretrial Hr'g, 11/24/20, at 4-5.[4]

In its Rule 1925(a) opinion, the trial court explained:

During the hearing on [August 10, 2020,] where the [trial court] considered Appellant's letter asserting Attorney Smith's alleged ineffectiveness, as well as Attorney Smith's motion to withdraw as counsel, the [trial court] reviewed the status of the case as well as a plea offer tendered by the Commonwealth which substantially capped the [trial court's] discretion pertaining to sentencing options. The [trial court] reviewed the sentencing range at issue, as well as Appellant's history with attorneys in the case up to that point. Appellant requested that Attorney Smith be withdrawn from the case. The [trial court] explained to Appellant that if that request was granted, his options would be to proceed *pro se* or to retain private counsel. The [trial court] inquired into Appellant's age, education, and work experience. Appellant indicated he wished to represent himself until he could find private [counsel]. Based on this discussion, the [trial court] granted Attorney Smith's motion to withdraw[.] The [trial court] cautioned Appellant that his interest in terminating the attorney-client relationship with Attorney Smith would not serve as a basis to further delay the proceedings, and that if he did not retain private counsel prior to the next hearing, he would represent himself. . .

\* \* \*

Appellant had private counsel, and after private counsel was granted leave to withdraw, Appellant was given a public defender. Appellant argued the public defender was ineffective based on her inability to see him, despite tacitly acknowledging this inability was not her fault and instead stemmed from the COVID-related precautions in place at the time. He expressed a desire to retain a different private attorney. The [c]ourt strongly admonished him that while his request to do so would be respected, if he appeared at the hearing without a lawyer, he would be representing himself.

---

[4] The remainder of the transcript depicts a discussion of the merits of Appellant's pretrial motions and scheduling matters. *See id.* at 5-17.

Appellant did not appear with counsel despite ample opportunity to secure counsel and despite the warning that his election against securing counsel would carry with it the consequence [that he] would represent himself. As a result, Appellant represented himself for the omnibus pretrial motion hearing.[fn8] Based on the record, there is not any basis upon which Appellant is entitled to relief stemming from his *pro se* representation at the pretrial hearing.

> [fn8] The [c]ourt notes that the outcome of the hearing did not materially impact the ultimate resolution of the case. Appellant argued that items were seized during two traffic stops, one on April 4, 2019 and a second on April 23, 2019. Appellant was the driver during the first stop and a passenger during the second. There was not any evidence that anything was seized during these stops. Consequently, there was not anything to suppress. Appellant also sought disclosure of the identity of the confidential informant. A defendant seeking disclosure of the identity of a confidential informant has an initial burden of demonstrating that the informant's identity is material to a defense, such as mistaken identity. There was not any evidence at either the hearing or the jury trial tending to support or advance a defense of mistaken identity or any other defense for which disclosure would be necessary. Lastly, Appellant filed a *habeas* petition asserting the Commonwealth failed to present a *prima facie* case. The [c]ourt denied the petition as untimely. Moreover, even if the [c]ourt erred with respect to this hearing, errors at a preliminary hearing concerning the sufficiency of the evidence are harmless as a matter of law if the defendant is convicted at trial.

Trial Ct. Op. at 12-13.

Based on the record before us, we cannot conclude that Appellant's waiver of counsel was voluntary, knowing, or intelligent. *See Phillips*, 93 A.3d at 852. The trial court's on-the-record colloquy does not reflect that Appellant understood: (1) that he had the right to be represented by counsel; (2) the nature and elements of the charges against him; (3) the permissible

range of sentences and/or fines for the charges against him; (4) the fact that as a *pro se* defendant, Appellant would be held to the same procedural rules as counsel and that counsel would be familiar with those rules; (5) there may defenses and/or rights available that would be lost if not raised in a proper and/or timely manner. **See** Pa.R.A.P. 121(A)(2), (C); **Phillips**, 93 A.3d at 852.

Although the trial court concluded that Appellant was not entitled to relief based on his self-representation at the omnibus pretrial hearing, it is well settled that a suppression hearing is a critical stage of the criminal proceedings. **See Johnson**, 158 A.3d at 122 (noting that a suppression hearing constitutes "a critical stage requiring judicial inquiry into the defendant's right to counsel" (citation omitted)). Further, because the deprivation of a defendant's right to counsel "can never be harmless," **see id.** at 121 (citation omitted), we reject the trial court's conclusion that the outcome of the omnibus pretrial hearing "did not materially impact the ultimate resolution of the case." **See** Trial Ct. Op. at 13, n.8.

For these reasons, because we conclude that Appellant was deprived of his Sixth Amendment right to counsel, we are constrained to vacate Appellant's judgments of sentence and the trial court's order denying Appellant's omnibus pretrial motions. We remand this case for further proceedings consistent with this memorandum.[5]

---

[5] In light of our disposition, we need not reach the merits of Appellant's remaining claims, as they are now moot.

Judgment of sentence vacated. Order denying Appellant's omnibus pretrial motions vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2023