**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Jermall JOHNSON, Appellant**

**No. 962 WDA 2015**

Superior Court of Pennsylvania.

Submitted January 19, 2016
Filed March 21, 2017

Jermal Johnson, appellant, pro se.

John H. Daneri, District Attorney, Erie, for Commonwealth, appellee.

BEFORE: LAZARUS, STABILE, and FITZGERALD *, JJ.

OPINION BY STABILE, J.:

Appellant, Jermall Johnson, *pro se*, appeals from the June 10, 2015 judgment of sentence entered in the Court of Common Pleas of Erie County following his convictions for, *inter alia*, possession of a firearm with an altered manufacturer's num-

* Former Justice specially assigned to the Superior Court.

ber, persons not to possess, firearms not to be carried without a license, resisting arrest, fleeing or attempting to elude a police officer, and driving while operating privilege is suspended or revoked.[1] Upon review, we vacate and remand for further proceedings.

On September 13, 2014, around 11:30 p.m., Officer Steve Deluca was traveling from west to east in a marked police car as he approached a stop sign at West 4th and Chestnut Streets in the city of Erie. N.T. Jury Trial, 4/9/15, at 4–6. Officer Deluca observed Appellant driving an Oldsmobile minivan approaching the stop sign traveling north to south. *Id.* at 6. Officer Deluca recognized Appellant from working previous cases involving Appellant over the course of "numerous" years, and knew Appellant to be a suspended driver. *Id.* at 4, 7.

Officer Deluca checked Appellant's registration via police radio. *Id.* at 8. Officer Deluca proceeded to follow Appellant while waiting for the registration information, which came back as belonging to a Joy or Joyce Battko at an address on the 500 block of West 8th Street. *Id.* at 9–10. Because the registration address for the vehicle was within a block of where they currently were, Officer Deluca decided to activate his lights and sirens and pull Appellant over for the suspended driver violation. *Id.* at 10.

When Officer Deluca activated his lights and sirens, he was sitting at a traffic light shining his side spotlight on Appellant's vehicle. *Id.* Appellant was in the car in front of Officer Deluca, and there was another car in front of Appellant. *Id.* When the light turned green, Appellant immediately went around the first car, turned westbound on 9th Street, and "gunned it

from that point," traveling around 60–70 miles per hour through a 25 mile per hour neighborhood and not stopping at any stop signs. *Id.* at 10–12. Officer Deluca radioed in the pursuit after Appellant pulled around the car at the stop light. *Id.* at 11. Although there were no cars on the roadway between Officer Deluca's and Appellant's cars, there were "hundreds of cars" legally parked along the sides of the streets and a group of pedestrians had to jump out of the roadway. *Id.* at 11–12.

As they approached a "T" intersection at West 9th Street and Weschler Avenue, Appellant tried to turn north, but was unable to make the turn and clipped a telephone pole. *Id.* at 13. Appellant then hit the houses at 836 and 834 Weschler. *Id.* at 13–14. Officer Deluca parked off the street, jumped out of his vehicle and drew his weapon. *Id.* at 14. Officer Deluca approached Appellant's vehicle from the passenger side and noticed the front two windows and sliding door window on the passenger side were smashed upon impact. *Id.* Officer Deluca could see an occupant in the vehicle and yelled, "Show me your hands. Show me your hands," as he approached the vehicle. *Id.* Appellant attempted to get out of the driver's seat and was reaching behind the passenger seat of the vehicle. *Id.* Officer Deluca noticed Appellant trying to hide a firearm and yelled, "Drop the gun. Drop the gun." Appellant complied. *Id.* at 14, 51.

Officer Deluca and a second officer, Sergeant Noble, took Appellant into custody after a struggle as Appellant was not complying with verbal commands. *Id.* at 15, 18. Officer Deluca had to strike Appellant once, and the other officer had to strike Appellant twice to get Appellant on the

---

1. Respectively, 18 Pa.C.S.A. §§ 6110.2, 6105, 6106 and 5104; 75 Pa.C.S.A. §§ 3733 and 1543.

ground and into handcuffs. *Id.* at 19. Officer Deluca advised Sergeant Noble that there was a firearm in the car. Sergeant Noble then recovered the weapon before anyone else moved or entered the vehicle. *Id.* at 21–22. There were no shells in the chamber but there were several rounds in the magazine. *Id.* at 22. The serial number on the slide had been obliterated. *Id.* At trial, Appellant's driving record indicating his license was under suspension at the time of the incident was admitted into evidence. *Id.* at 29.

On cross-examination, Officer Deluca again stated he had known Appellant for numerous years. He testified he was aware Appellant had prior motor vehicle code convictions that resulted in a suspension of Appellant's license. *Id.* at 36, 39–41.

On October 6, 2014, Appellant filed an application for public defender and Nicole Sloane, Esquire, was appointed as counsel for Appellant. On November 3, 2014, Appellant sent a letter to Attorney Sloane indicating that she was not his attorney. On November 17, 2014, Appellant, in writing, waived his right to counsel at the magisterial district court.[2] Appellant, *pro se*, filed an omnibus pretrial motion on January 14, 2015, requesting suppression of evidence and dismissal of his case. The trial court denied Appellant's motion following a hearing. Subsequently, Appellant hired Joseph Hudak, Esquire, to represent him at trial.

A jury trial was held over the course of two days. Following the jury's guilty verdict, the trial court deferred sentencing and ordered a presentence report. Following a sentencing hearing, the trial court sentenced Appellant to an aggregate of 186 to 384 months of incarceration plus

fines, and granted Appellant's request to dismiss counsel and proceed *pro se*. Appellant timely appealed on June 16, 2015 and motioned for modification of his sentence, which the trial court denied. Appellant filed a Pa.R.A.P. 1925(b) concise statement as ordered by the trial court. The trial court filed a Pa.R.A.P. 1925(a) opinion on July 21, 2015.

On August 24, 2016, this Court remanded the matter to the trial court to provide a copy of the order disposing of Appellant's application for public defender or a transcript of the *Grazier* hearing if Appellant decided to proceed *pro se* at the suppression hearing. The trial court entered a memorandum opinion on September 26, 2016, stating there was nothing in the record indicating Appellant waived his right to counsel at the suppression hearing.

On appeal, Appellant raises three issues, which we repeat here verbatim.

1. Whether the courts erred in refusing to suppress the fruits of the illegal "seizure" herein where officer Steven Deluca, activated his lights and sirens for a driving while operating privilege is suspended or revoked 75 Pa.C.S. section 1543(a), without any support thereof the record that he did identify the driver of this vehicle as Mr. Johnson prior to this officer seizing him[.]

2. Whether the evidence was insufficient to sustain the conviction of driving while operating privilege is suspended or revoked 75 Pa.C.S. section 1543(a) where the commonwealth failed to bring forth any evidence on the record thereof officer Steven Deluca's allegation that he did identify Mr. Johnson prior to activating his lights and

2. Appellant waived his rights pursuant to Pa. R.Crim.P. 121(B). This Court notes that there is nothing further in the record indicating a waiver pursuant to Pa.R.Crim.P. 121(C) prior

to the hearing on the Defendant's omnibus pretrial motion. *See* Trial Court Opinion, 9/26/16, at 1–2.

sirens at which time Mr. Johnson was seized[.]

3. Whether the courts erred by sentencing Mr. Johnson consecutive on all uniformed firearms counts in which imposed an excessive sentence of 162 months to 324 months[.]

Appellant's Brief at 5.[3]

Before we can address the merits of Appellant's claims, this Court must first address whether Appellant properly waived his right to counsel. As discussed above, there is nothing in the record indicating that Appellant waived his right to counsel on the record as required by Pennsylvania Rule of Criminal Procedure 121(C). The official comments to said rule provide that

> It is intended that when the defendant has waived his or her right to counsel before the issuing authority for purposes of the preliminary hearing, such waiver shall not normally act as a waiver of the right to counsel in subsequent critical stages of the proceedings. Therefore, under paragraph (C) it is intended that a further waiver is subsequently to be taken by a judge of the court of common pleas.

Pa.R.Crim.P. 121 (comment).

■ "Where the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte.*" *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 891 (2010). (quoting *Steiner v. Markel*, 600 Pa. 515, 968 A.2d 1253, 1257 (2009)). However, this Court has subsequently held that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is **required** to raise this error *sua sponte* and

remand for the PCRA court to correct that mistake." *Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (emphasis added). Further, "as a general rule, failure to raise an issue in a criminal proceeding does not constitute a waiver where the defendant is not represented by counsel in the proceeding. This rule does not apply where the defendant knowingly and intelligently waived representation by counsel." *Commonwealth v. Monica*, 528 Pa. 266, 597 A.2d 600, 603 (1991) (citation omitted).

■ It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation. *See Commonwealth v. Davido*, 582 Pa. 52, 868 A.2d 431, 437–38 (2005). "Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." *Commonwealth v. Payson*, 723 A.2d 695, 700 (Pa. Super. 1999) (citations omitted). "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and that we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (footnotes and citations omitted).

■ "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 123 (Pa. Super. 2004) (citation omit-

---

**3.** In his third issue Appellant misstates his aggregate sentence, which was actually 186 to 384 months' incarceration.

ted). Failing to conduct an on the record colloquy pursuant to Rule 121(c) before allowing a defendant to proceed *pro se* constitutes reversible error. *Id.* at 124 (citing *Payson*, 723 A.2d at 701). "Once federal constitutional rights are involved, and once it is clear ... a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights." *Commonwealth v. Norman*, 447 Pa. 217, 285 A.2d 523, 525–26 (1971). Furthermore, waiver cannot be presumed in a silent record. *Id.* at 526.

The inherent importance of the right to counsel justifies its overwhelming protection and the rigorous requirements necessary to find waiver. A panel of this Court, relying on the rationale of *Stossel*, previously extended the Court's duty to *sua sponte* raise the issue of waiver of counsel in termination of parental rights cases. *See In re X.J.*, 105 A.3d 1, 4 (Pa. Super. 2014). Flowing from the cases discussed above, it is apparent that this Court has a duty to review whether the Appellant properly waived his right to counsel prior to his suppression hearing even though Appellant has not asserted this issue on appeal.

 "[A] judge's thorough inquiry into the accused's appreciation of both [the right to counsel and the right to represent oneself] must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding." *Commonwealth v. Phillips* ("*Phillips I*"), 93 A.3d 847, 853 (Pa. Super. 2014) (quoting *Commonwealth v. Baker*, 318 Pa.Super. 19, 464 A.2d 496, 499 (1983). "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." *Commonwealth v. Johnson*, 574 Pa. 5, 828 A.2d 1009, 1014 (2003). Moreover, "the right to

counsel under Article I, § 9 [of the Pennsylvania Constitution] is coterminous with the Sixth Amendment right for purposes of determining when the right attaches." *Commonwealth v. McCoy*, 601 Pa. 540, 975 A.2d 586, 590 (2009) (citations omitted). In *Phillips I*, this Court found that a suppression hearing constituted a critical stage requiring judicial inquiry into the defendant's right to counsel. *See Phillips I*, 93 A.3d at 854–55.

This Court recently held that "once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a change of circumstances." *Commonwealth v. Phillips* ("*Phillips II*"), 141 A.3d 512, 521 (Pa. Super. 2016). However, in *Phillips II*, the trial court had previously conducted an adequate on the record colloquy prior to finding that the defendant knowingly, voluntarily, and intelligently waived his right to counsel. *See id.* at 519. Therefore, the defendant's constitutional right to counsel was not violated.

In *Monica*, our Supreme Court held that "waiver [cannot] be presumed where the record is silent. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Monica*, 597 A.2d at 603. Further, in *Payson*, this Court found that a written waiver of counsel form signed before a magistrate is not applicable to a waiver of counsel during a subsequent guilty plea. *See Payson*, 723 A.2d at 704. Additionally, this Court noted that the defendant's waiver before the district justice contained the "specific notation that it is effective **only as to the proceeding before the district justice.**" *Id.* (emphasis in original). "We have long stated that 'a signed statement alone cannot establish

that a defendant has effectively waived [his constitutional] right [to counsel].'" *Commonwealth v. Clyburn*, 42 A.3d 296, 300 (Pa. Super. 2012) (quoting *Commonwealth ex re. Clinger v. Russell*, 206 Pa.Super. 436, 213 A.2d 100, 101 (1965)).

In the matter *sub judice*, there is nothing in the record indicating Appellant ever waived his right to counsel on the record before the trial court conducted the suppression hearing. *See* Memorandum Opinion, 9/26/2016 at 1–2. Similar to *Payson*, Appellant signed a notice of waiver of counsel before the district judge that limited the waiver to the matter before the district judge. This waiver of counsel, while sufficient in front of the district judge, was insufficient at any subsequent event before the trial court. *See Clyburn*, 42 A.3d at 300; *see also* Pa.R.Crim.P. 121(B).

As a suppression hearing is a critical stage and Appellant was not informed of his rights on the record, we are constrained to find that Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel. In order to proceed at the suppression hearing, the trial court was required to determine, on the record, whether Appellant knowingly, voluntarily, and intelligently waived his right to counsel. We hold that the trial court's failure to colloquy Appellant of his constitutional right to counsel prior to the suppression hearing requires us to vacate judgment. Appellant is entitled to a new suppression hearing and a new trial.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.