J-S34018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALIQUE DAJON JONES | |
| Appellant | No. 1603 WDA 2017 |

Appeal from the Judgment of Sentence entered October 9, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0001254-2017

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALIQUE DAJON JONES | |
| Appellant | No. 1606 WDA 2017 |

Appeal from the Judgments of Sentence entered October 9, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000986-2017

BEFORE: BOWES, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 23, 2018**

Appellant Alique Dajon Jones appeals from the October 9, 2017 judgments of sentence entered in the Court of Common Pleas of Erie County ("trial court"), following his jury convictions for possession with intent to

---

[*] Retired Senior Judge assigned to the Superior Court.

deliver ("PWID") a controlled substance (marijuana) and possession of drug paraphernalia (baggies) at docket number 0986-2017 ("First Case"),[1] and PWID a controlled substance (marijuana), possession of small amounts of marijuana and two counts of possession of drug paraphernalia at docket number 1254-2017 ("Second Case").[2]  Upon review, we vacate and remand.

Prior to trial on the foregoing charges, and while represented by Attorney David G. Ridge, Appellant *pro se* filed an omnibus pretrial motion to suppress evidence in the First Case on May 25, 2017.[3]  The following day, the pretrial motion was forwarded to Attorney Ridge.  On May 30, 2017, Attorney Ridge filed a motion to withdraw, arguing that Appellant "was no longer satisfied with [his] services and that [Appellant] did not want to be represented by [him] any longer."  Motion to Withdraw, 5/30/17, at ¶ 3.  On May 31, 2017, without conducting a hearing, the trial court granted Attorney Ridge's motion to withdraw.  Appellant proceeded *pro se*.

On June 25, 2017, Appellant *pro se* filed a motion to suppress in the Second Case.  On August 1, 2017, nearly two months after Attorney Ridge was permitted to withdraw from the case, the trial court conducted an on-the-record **Grazier**[4] hearing to determine whether Appellant intended to proceed

---

[1] 35 P.S. § 780-113(a)(30) and (32).

[2] 35 P.S. § 780-113(a)(30), (31), and (32).

[3] Because Appellant was represented by Attorney Ridge, his *pro se* omnibus motion was a legal nullity.  **See Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010) (explaining hybrid representation is not permitted).

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

*pro se*. Following the hearing, the trial court permitted Appellant to represent himself at trial. On August 18, 2017, without conducting a hearing, the trial court denied Appellant's June 25, 2017 suppression motion. On August 23, 2017, the trial court amended its order denying the suppression motion to the extent the order referred to Appellant's possession of a loaded handgun. Following a consolidated trial, a jury found Appellant guilty of multiple drug offenses in both cases and the trial court sentenced him to, *inter alia*, an aggregate term of 9 to 60 months' incarceration. Appellant filed post-sentence motions, which the trial court denied. Appellant timely appealed to this Court. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises three issues for our review:

[I.] Whether the trial court erred in denying Appellant's motion to sever?

[II.] Whether the trial court erred in denying Appellant's [June 25, 2017] pretrial motion to suppress evidence?

[III.] Whether the Commonwealth presented sufficient evidence to establish Appellant's guilt beyond a reasonable doubt of possession with intent to deliver and possession of drug paraphernalia?

Appellant's Brief at 3 (unnecessary capitalizations omitted).

At the outset, we note that the trial court here failed to conduct a suppression hearing as required by Pa.R.Crim.P. 581, which provides in relevant part:

(E) A hearing **shall** be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). A hearing may be either prior to or at trial, and shall afford the attorney for the Commonwealth a reasonable opportunity for investigation. The judge shall enter such interim order as may be appropriate in the interests of justice and the expeditious disposition of criminal cases.

(F) The hearing, either before or at trial, ordinarily shall be held in open court. The hearing shall be held outside the presence of the jury. In all cases, the court may make such order concerning publicity of the proceedings as it deems appropriate under Rules 110 and 111.

(G) A record shall be made of all evidence adduced at the hearing.

(H) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.

(I) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(E), (F), and (G) (emphasis added). Because no suppression hearing was held, the trial court was unable to make the necessary findings of fact or conclusions of law as to whether the challenged evidence was obtained in violation of Appellant's rights. Moreover, for us, as an appellate court, to entertain a suppression issue, it is vitally important that the trial court not only hold a suppression hearing, but also render necessary findings of fact and conclusions of law, as our scope of review is limited to the evidence presented at the suppression hearing. *In the interest of L.J.*, 79 A.3d 1073, 1088-89 (Pa. 2013). Given the trial court's failure to hold a suppression

- 4 -

hearing, we are constrained to vacate Appellant's judgments of sentence and remand this case to the trial court to conduct a proper suppression hearing.

We also are troubled by the trial court's failure to hold a **Grazier** hearing **prior** to granting Attorney Ridge's motion to withdraw. In **Commonwealth v. Johnson**, 158 A.3d 117 (Pa. Super. 2017), we recently noted that "a suppression hearing constituted a critical stage requiring judicial inquiry into the defendant's right to counsel." **Johnson**, 158 A.3d at 122 (citations omitted). Thus, on remand, we remind the trial court to hold a **Grazier** hearing prior to conducting the suppression hearing. Appellant must be afforded an opportunity to be represented by counsel and, if he so chooses, his new counsel must be given an opportunity to amend the suppression motions. **See Commonwealth v. Payson**, 723 A.2d 695, 700 (Pa. Super. 1999) ("Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. Deprivation of these rights can never be harmless.").

Judgments of sentence vacated. Cases remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

- 5 -

Date: 8/23/2018