J-S20038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BENEDICT KOLLIE MCGILL | : | |
| | : | |
| Appellant | : | No. 1211 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 18, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002428-2018

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: Filed: August 25, 2020

Benedict Kollie McGill appeals the judgment of sentence entered following his *pro se* non-jury trial conviction for Firearms Not to Be Carried without a License, Disorderly Conduct, and Public Drunkenness.[1] McGill claims that he did not make a knowing, intelligent, and voluntary waiver of his right to counsel. The trial court and the Commonwealth both agree that the record does not contain a colloquy ascertaining the validity of McGill's waiver of his right to counsel. Therefore, they both agree that we should remand this matter for a new trial. After careful review, we find that the certified record does not contain an on-the-record colloquy of McGill waiving his right to counsel. Therefore, we vacate McGill's judgment of sentence and remand to the trial court for further proceedings.

_____

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 5503(a)(4), and 5505, respectively.

On August 12, 2017, police approached McGill outside of an apartment complex where he was intoxicated and banging on a door. McGill told the officers that he was carrying a gun for which he did not have a permit. The officers secured the firearm and charged Appellant with the aforementioned crimes.

McGill requested and received two continuances of trial in order for him to obtain counsel. However, on March 18, 2018, after appearing without counsel a third time, the court denied McGill's requested continuance. McGill represented himself in a non-jury trial and was convicted of all charges. He was sentenced on March 18, 2019, to time served to 23 months, with immediate bench parole. This timely appeal followed.

McGill raises the following issues before this Court:

A. Did [McGill] make a knowing and intelligent waiver of his right to counsel?

B. Did the trial court abuse its discretion in refusing to grant a continuance to [McGill] who had no legal representation and needed additional time to obtain counsel?

McGill's Br. at 7 (unnecessary capitalization omitted).

In his first issue, McGill claims that the trial court did not place on the record a colloquy determining whether his waiver of his right to counsel was knowing, intelligent, and voluntary. Therefore, McGill argues we should vacate his sentence and remand for a new trial. *See id.* at 11. We agree.

"It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation."

*Commonwealth v. Johnson*, 158 A.3d 117, 121 (Pa.Super. 2017). "The constitutional right to counsel may be waived, but this waiver is valid only if made with knowledge and intelligence. In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Phillips*, 93 A.3d 847, 851-52 (Pa.Super. 2014) (citations and quotation marks omitted).

"The question of waiver must be determined regardless of whether the accused can or cannot afford to engage counsel. Failure to conduct a thorough on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." *Id.* at 853 (citing *Commonwealth v. Houtz*, 856 A.2d 119, 124 (Pa.Super. 2004)); *see also* Pa.R.Crim.P. 121(C) (requiring trial court to ascertain from defendant on record whether waiver of right to counsel is knowing, voluntary, and intelligent).

Here, the trial court did not conduct an on-the-record colloquy of McGill's waiver of his right to counsel prior to McGill proceeding to his non-jury trial *pro se*. Although a criminal defendant can forfeit the right to counsel through "extremely serious misconduct" or "extremely dilatory conduct," the trial court here does not claim to have denied McGill counsel under either standard, and we therefore do not address those standards. *See Commonwealth v. Lucarelli*, 971 A.2d 1173, 1179 (Pa. 2009). Accordingly, we vacate McGill's judgment of sentence and remand to the trial court. Because we remand on McGill's first issue, we do not reach the second.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/20</u>