J-S31045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYHEEM KAMEEL JACOBS | : | |
| | : | |
| Appellant | : | No. 1123 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 3, 2023
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003069-2022

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED DECEMBER 27, 2023**

Bryheem Kameel Jacobs appeals from the judgment of sentence entered following his guilty plea to driving under the influence ("DUI")– controlled substance, 75 Pa.C.S.A. § 3802(d)(2). He maintains the court erred in allowing him to proceed *pro se* at the guilty plea hearing. We conclude Jacobs did not knowingly, voluntarily, and intelligently waive his right to counsel. We therefore vacate the judgment of sentence and remand for further proceedings.

On March 2, 2023, Jacobs appeared before the trial court and his counsel requested a continuance because Jacobs was applying for restrictive probation and had an upcoming appointment for a drug and alcohol evaluation.[1] The Commonwealth did not object to the continuance, which the court granted.

---

[1] The transcript states Michael Kotik, Esq. represented Jacobs, and Kotik spoke at the hearing on Jacobs' behalf.

On April 3, 2023, Jacobs appeared for a guilty plea and sentencing. His counsel was not present. At the plea hearing, the court did not conduct a colloquy to determine whether Jacobs knowingly, voluntarily, and intelligently waived his right to counsel. Jacobs entered a negotiated guilty plea to DUI and the Commonwealth *nolle prossed* a driving while operating privilege suspended or revoked charge. The court sentenced Jacobs to six months' restrictive probation, with the first 72 hours to be served on home confinement. The sentence was concurrent to a sentence Jacobs was serving at another docket.

After the plea and sentencing, new counsel entered her appearance for Jacobs and filed a timely notice of appeal. Jacobs raises the following issue:

> Did the trial court err in allowing [Jacobs] to proceed *pro se* where [Jacobs] was never advised of his absolute right to counsel and where [Jacobs] did not knowingly, voluntarily and intelligently waived his right to counsel?

Jacobs' Br. at 6.

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution." **Commonwealth v. Forrester-Westad**, 282 A.3d 811, 816 (Pa.Super. 2022) (quoting **Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa.Super. 2017)).

"A [trial court's] thorough inquiry into the accused's appreciation of both the right to counsel and the right to represent oneself must be used in . . . every critical stage of a criminal proceeding," including a guilty plea hearing.

*Id.* at 816-17 (quoting *Johnson*, 158 A.3d at 122) (emphasis and internal quotation marks omitted). "[W]hen a defendant seeks to waive the right to counsel, the trial court is required to conduct, on the record, a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent." *Id.* at 817 (quoting *Commonwealth v. Brazil*, 701 A.2d 216, 219 (Pa. 1997)). Pennsylvania Rule of Criminal Procedure 121 sets forth the minimum requirements for a valid waiver-of-counsel colloquy and requires the court elicit the following information from the defendant to ensure the waiver is knowing, voluntary, and intelligent:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2)(a)-(f). "A trial court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error." **Forrester-Westad**, 282 A.3d at 817 (quoting **Commonwealth v. Floyd**, 257 A.3d 13, 18 (Pa.Super. 2020)) (brackets omitted).

Here, Jacobs appeared at his guilty plea hearing without counsel and the court failed to conduct any colloquy to determine whether he voluntarily, knowingly, and intelligently waived his right to counsel. The court did not even acknowledge counsel's absence. The Commonwealth concedes that no waiver of counsel colloquy was conducted, that Jacobs' right to counsel was violated, and the conviction must be vacated and the case remanded for further proceedings. **See** Commonwealth's Br. at 4. Because Jacobs did not waive his right to counsel, conducting the guilty plea without counsel was reversible error.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/27/2023