J-A19002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL B. JOHNSON | : | |
| | : | |
| Appellant | : | No. 252 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000555-2023

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY PANELLA, P.J.E.: **FILED: AUGUST 16, 2024**

Michael B. Johnson appeals from the judgment of sentence imposed by the Dauphin County Court of Common Pleas after his conviction of one count each of second-degree aggravated assault, possessing instruments of crime ("PIC"), and simple assault. We vacate and remand.

Due to our disposition of this matter, we provide only a brief summary of the background a procedural facts. Johnson was arrested for first- and second-degree aggravated assault, PIC, and simple assault for his assault of the victim with a hammer. On September 26, 2023, due to Johnson indicating his intent to represent himself at trial, the court held a ***Grazier***[1] hearing at

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

which it proceeded with a waiver colloquy pursuant to Pa.R.Crim.P. 121(2). The court granted Johnson *pro se* status.

On November 1, 2023, a jury acquitted Johnson of first-degree aggravated assault and convicted him of one count each of second-degree aggravated assault, PIC, and simple assault. The court imposed a sentence of 2 ½ months to thirteen years' incarceration on the second-degree aggravated assault conviction and no further penalties.

Johnson argues that his judgment of sentence should be vacated where the trial court failed to conduct a proper **Grazier** hearing and the sentence imposed for second degree aggravated assault was illegal.

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." **Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017) (citation omitted). "Given the inherent importance of the right to counsel and the right to self-representation," a defendant's waiver of his right to counsel must be knowing, voluntary, and intelligent. **Commonwealth v. Forrester-Westad**, 282 A.3d 811, 816 (Pa. Super. 2022) (citation and footnote omitted). To meet the minimum requirements for a valid waiver-of-counsel colloquy, the trial court shall confirm:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that **the defendant understands** the nature of the charges against the defendant and **the elements of each of those charges**;

(c) that **the defendant is aware of the permissible range of sentences** and/or fines **for the offenses charged**;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

In its Rule 1925(a) opinion, the trial court states, and our independent review confirms, that Johnson was not colloquied about either the elements of PIC and simple assault or the permissible sentencing ranges for those offenses. *See* Trial Court Opinion, 4/2/24, at 4; Appellee's Brief, at 9. We appreciate the court's candor on this matter and agree with its conclusion that Johnson is entitled to a new trial because his waiver of counsel, in light of the above mentioned omissions, cannot be deemed knowing, voluntary, and intelligent.

Therefore, we vacate Johnson's judgment of sentence and remand for proceedings consistent with this decision.[2]

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/16/2024

---

[2] Due to our disposition, we need not address the illegal sentence issue.