J-S14001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JILL M. FOSTER | : | |
| | : | |
| Appellant | : | No. 2153 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 15, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001676-2021

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 22, 2025**

Appellant, Jill M. Foster, appeals *pro se* from the July 15, 2024 judgment of sentence entered in the Chester County Court of Common Pleas following her conviction of Tampering with Evidence.[1]  After careful review, we conclude that the trial court did not conduct a sufficient colloquy to determine whether Appellant's waiver of counsel was knowing, intelligent, and voluntary. Accordingly, we are constrained to vacate the judgment of sentence and the order permitting counsel to withdraw and remand for a new sentencing hearing.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4910(1).

[2] In light of our remand for a proper determination of whether Appellant wishes to waive her right to counsel and for resentencing, we decline to address the six issues raised *pro se* by Appellant as they are not ripe for review.

As relevant to our review, the trial court presided over a two-day jury trial at which Eric D. Strand, Esq., represented Appellant. On March 7, 2024, the jury convicted Appellant of Tampering with Evidence but found her not guilty of Obstructing Administration of Law. Upon Appellant's request, Attorney Strand filed a motion for leave to withdraw as counsel, which the trial court granted on April 24, 2024.

On May 15, 2024, Assistant Public Defender Robbie Goring entered her appearance for Appellant. On July 3, 2024, prior to sentencing, Attorney Goring filed a motion to withdraw as counsel, asserting that Appellant sought to represent herself. On July 15, 2024, the court engaged in the following colloquy:

> THE COURT: . . . Miss Foster, so we're going to talk about the motion to withdraw as counsel first. Miss Foster, Miss Goring is asking to be released from your case in terms of not representing you today at sentencing.
>
> Is that your desire?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So it's very uncommon — as you know, I already let Mr. Strand out. I allowed him to withdraw as well.
>
> So what is going on that your relationship with Miss Goring is not productive?
>
> THE DEFENDANT: I just — I am choosing to represent myself because I want to be the person that's in charge of the communication, the decisions made for my case.
>
> THE COURT: Are you aware that you are, in fact, the person, even though you have a lawyer, that's in charge of decisions?
>
> THE DEFENDANT: Yes.

THE COURT: And that whatever happens today, if you choose to appeal or file a PCRA, that you are going to do that without counsel at this point. Is that what I am hearing?

THE DEFENDANT: Yes.

THE COURT: Miss Goring, can you put any reasons on record?

MS. GORING: Your Honor, I did outline them in my motion -- essentially, Miss Foster, at numerous points throughout my representation of her, has asked to represent herself. I have explained what that would look like. I have, even though she's asked me to withdraw, I have coached her through the guidelines. I have shown her her guidelines. I have a prior record score, her offense gravity score. I walked her through that. I walked her through what today would look like. I have spoken to her about what we would ask for today. I have spoken to her about any witnesses that she would call.

I am prepared as her representation. However, I realize that is not — if that is not her wish, I have asked her numerous times, as recently as Saturday, she still reiterates she wants to represent herself. And that's all I have to present for that.

THE COURT: All right.

And everything that Miss Goring says, is that accurate, Miss Foster?

THE DEFENDANT: Yes.

THE COURT: At this point, obviously, I am a big fan of a client having their choice of their representation, even if they choose to pick themselves as their lawyer.

So what I need you to understand, ma'am, is if you are proceeding *pro se*, or self-represented today, you have -- I am holding you to the same standards as if an attorney was representing you as well.

THE DEFENDANT: I understand that.

THE COURT: Okay.

All right. So, Miss Goring, I will sign the order permitting you to withdraw from the case.

N.T. Hr'g, 7/15/24, at 2-4. The court proceeded immediately to the sentencing hearing at which Appellant represented herself. The court sentenced her to two years of probation, 25 hours of community service, and costs.

On August 13, 2024, Appellant filed *pro se* a notice of appeal, after which Appellant and the trial court complied with Pa.R.A.P. 1925.

Prior to considering any issues raised by Appellant, we must first consider whether the trial court conducted a sufficient **Grazier**[3] hearing prior to sentencing, as this Court has a duty to review *sua sponte* whether an appellant knowingly, voluntarily and intelligently waived her right to counsel. **See Commonwealth v. Murphy**, 214 A.3d 675, 678 (Pa. Super. 2019); **Commonwealth v. Johnson**, 158 A.3d 117, 121-122 (Pa. Super. 2017).

The Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution guarantee a defendant's right to counsel. It is well-established that the right to counsel applies at "every 'critical stage' of a criminal proceeding" including at sentencing, as relevant to the instant case. **Johnson**, 158 A.3d at 122 (citation omitted). "A defendant also has a constitutional right to self-representation" by waiving her right to counsel. **Commonwealth v. Isaac**, 205 A.3d 358, 363 (Pa. 2019).

The Rules of Criminal Procedure task the trial court with the ultimate responsibility of determining "whether the defendant is [] making an informed

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

and independent decision to waive counsel." ***Commonwealth v. Davido***, 868 A.2d 431, 437 (Pa. 2005). In so doing, the court must address the following six categories of information "[t]o ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent:"

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2). "A court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error." ***Commonwealth v. Floyd***, 257 A.3d 13, 18 (Pa. Super. 2020).

After careful review, we conclude that the colloquy in the instant case did not satisfy the applicable requirements of Rule 121(A)(2), specifically

subparagraphs (a), (c), and (f).[4] First, the trial court did not clarify Appellant's understanding of her right to counsel. Pa.R.Crim.P. 121(A)(2)(a). Second, in regard to subparagraph (c), the record demonstrates that Attorney Goring stated that she reviewed the sentencing guidelines with Appellant, but there is no indication that the trial court satisfied its responsibility to determine that Appellant was "aware of the permissible range of sentences and/or fines for the offenses charged." Pa.R.Crim.P. 121(A)(2)(c). Additionally, the court did not inform Appellant that she had "rights that, if not timely asserted, may be lost permanently" or that if errors occurred, she could lose the ability to contest those errors if she did not timely object. Pa.R.Crim.P. 121(A)(2)(f). Indeed, the court did not explicitly determine whether Appellant's waiver was knowing, intelligent, and voluntary. Accordingly, we conclude that the court did not conduct the necessary, thorough, on-the-record inquiry prior to permitting counsel to withdraw.

Based upon the stated insufficiencies, we vacate the judgment of sentence and the order permitting counsel to withdraw and remand for resentencing. Prior to resentencing, the court must determine whether Appellant intends to waive her right to counsel by conducting a colloquy as required by Rule 121.

_____

[4] As this Court recognized in the PCRA setting, while not all of Rule 121's categories are relevant at the sentencing stage, "the remainder . . . clearly impact on whether a defendant understands the full import of his decision to act as his own counsel[.]" **Commonwealth v. Robinson**, 970 A.2d 455, 459 (Pa. Super. 2009) (*en banc*).

Judgment of sentence and order permitting withdrawal of counsel vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/22/2025