J-A21003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRA-SHAUN ALLISON | : | |
| | : | |
| Appellant | : | No. 1667 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 16, 2024
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001267-2023

BEFORE:    PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: OCTOBER 20, 2025**

Tra-Shaun Allison appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County for his convictions of aggravated assault, simple assault, possession of a firearm prohibited, and recklessly endangering another person. Allison argues that he did not knowingly, voluntarily, and intelligently waive his right to counsel because he was not informed of the elements of the charged offenses during his waiver of counsel colloquy at the **_Grazier_**[1] hearing. We agree. Thus, we vacate his judgment of sentence and remand for a new trial.

The underlying criminal allegations are not relevant to the issue on appeal. Very briefly, the allegations stem from an incident on August 12, 2022.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998).

Edward Brunelle claimed that while he was driving, he nearly collided with a group of juveniles riding dirt bikes and he observed that one of the juveniles appeared to have a gun. As he drove away, he heard four shots fired towards his vehicle. Mr. Brunelle was not injured, and his vehicle did not sustain any damage. He later identified Allison as the individual among the group who had the firearm. After further investigation, Allison was indicted by a Dauphin County grand jury and charged with attempted murder, aggravated assault, simple assault, possession of a firearm prohibited, and recklessly endangering another person.

Relevant to this appeal, is Allison's waiver of his right to counsel and proceeding *pro se*. At a status conference on December 1, 2023, Allison, represented by counsel, rejected the Commonwealth's plea offer. At the end of that hearing, Allison told the trial court that he "want[ed] to fire [his] attorney." N.T., 12/1/23, at 5. Subsequently, counsel petitioned for a **Grazier** hearing, which was held on February 1, 2024.

At the **Grazier** hearing, the trial court colloquied Allison on his right to counsel. However, the trial court explains in its 1925(a) opinion that it failed to inform Allison during the **Grazier** hearing of the elements of the charged offenses. **See** Trial Court Opinion, 1/24/25, at 4-5. Following the **Grazier**

hearing, Allison represented himself for the remaining pretrial proceedings through the end of trial.[2]

Prior to trial, a brief status conference was held on February 26, 2024, where the Commonwealth turned over discovery to Allison and Allison again stated that he was rejecting the offered plea deal. Additionally, Allison filed a series of motions including a "Petition for Habeas Corpus," a request for the grand jury transcripts, and a Rule 600 motion. The Commonwealth filed responses, and an omnibus pretrial hearing was held on August 1, 2024, after which the trial court denied Allison's motions. On the matter of Allison proceeding *pro se* the following exchange occurred.

> THE COURT: Let me first ask you -- I have to every time -- do you want to continue to represent yourself or have you made inquiries about getting an attorney?
>
> [ALLISON]: No. I think I'll just represent myself.
>
> THE COURT: Okay. All right.

N.T., 8/1/24, at 3.

Jury selection was held on August 7, 2024. At the start of jury selection, the trial court conducted a waiver of counsel colloquy that included the elements of the charged offenses. *See* N.T., 8/7/24, at 4-13. A two-day jury trial commenced on August 12, 2024. Allison was acquitted of attempted

---

[2] Allison did not have standby counsel for the pretrial proceedings and jury selection but did have standby counsel for trial. *See* N.T., 8/7/24, at 13-14; N.T., 8/12/24, at 7.

murder but convicted on the remaining charges. On October 16, 2024, he was sentenced to an aggregate term of 7 to 15 years' incarceration.[3]

Represented by counsel, Allison timely appealed. Allison filed a court ordered concise statement of errors complained of on appeal and the trial court filed a 1925(a) opinion. **See** Pa.R.A.P. 1925(a)-(b). In its 1925(a) opinion the trial court stated that Allison is entitled to a new trial because it failed to inform Allison of the elements of the charged offenses at the **Grazier** hearing. **See** Trial Court Opinion, 1/24/25, at 4-5.

In this appeal, Allison raises a single issue:

> Whether the trial court erred in finding Mr. Allison waived his right to counsel, when the [trial c]ourt admittedly did not inquire that Mr. Allison knew and understood the elements of the offenses, as required by Pa. R. Crim.P. 121([A])(2)(b)?

Appellant's Brief, at 4.

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." **Commonwealth v. Forrester-Westad**, 282 A.3d 811, 816 (Pa. Super. 2022) (citation omitted). "Failing to conduct an on the record colloquy pursuant to Rule 121(c) before allowing a defendant to proceed *pro se* constitutes reversible error." **Commonwealth v. Johnson**, 158 A.3d 117, 122 (Pa. Super. 2017) (citation omitted).

---

[3] Allison was represented by counsel at sentencing.

- 4 -

> To ensure that a waiver of counsel is knowing, voluntary, and intelligent, the following information must be elicited from the defendant: (1) whether the defendant understands that he has a right to be represented by counsel and the right to free counsel if he is indigent, (2) whether the defendant understands the nature of the charges against him and the elements of each of those charges, (3) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged, (4) whether the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules, (5) whether the defendant understands that there are possible defenses to these charges to which counsel might be aware, and if these defenses are not raised they may be lost permanently, and (6) whether the defendant understands that, in addition to defenses, the defendant has other rights that, if not timely asserted, may be lost permanently and that if errors occur and are not objected to or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

***Commonwealth v. McDonough***, 812 A.2d 504, 506-07 (Pa. 2002) (citations and footnote omitted); ***see*** Pa.R.Crim.P. 121(A)(2)(a)-(f). Importantly, "a trial court must go beyond merely inquiring into a defendant's understanding of the offenses: It is incumbent on the court to fully advise the accused of the nature and elements of the crime before accepting waiver of counsel."

***Commonwealth v. Phillips***, 93 A.3d 847, 853 (Pa. Super. 2014) (citation, internal quotation marks, brackets, and emphasis omitted).

Allison, the Commonwealth, and the trial court all agree that Allison was not informed of the elements of the charged offenses at the ***Grazier*** hearing.[4] Our independent review of the record confirms this occurrence. Thus, Allison

---

[4] We greatly appreciate the trial court assisting our review by candidly summarizing what occurred at the ***Grazier*** hearing.

did not knowingly, voluntarily, and intelligently waive his right to counsel at the ***Grazier*** hearing.

The Commonwealth asserts that Allison is not entitled to a new trial and argues that the waiver of counsel colloquy at the beginning of jury selection resulted in Allison knowingly, voluntarily, and intelligently waiving his right to counsel for the jury selection and trial. ***See*** Appellee's Brief, at 8-14. Further, the Commonwealth argues that the proceedings after the ***Grazier*** hearing and before jury selection were not a "critical stage" because by failing to appeal the trial court's rulings on his motions he failed to preserve those issues for appeal. ***See id.*** at 15-20. Thus, according to the Commonwealth, although the ***Grazier*** hearing waiver of counsel colloquy was inadequate, Allison is not entitled to a new trial because he was not unrepresented for any "critical stages" before he received a proper waiver of counsel colloquy at the jury selection.[5] ***See id.*** at 20.

We acknowledge that the colloquy at the jury selection was proper such that Allison waived his right to counsel at that time. ***See*** N.T., 8/7/24, at 4-13. However, contrary to the Commonwealth's argument, Allison is still

---

[5] The Commonwealth makes brief mention of a secondary argument: Allison was informed of the elements of the charged offenses because he received the criminal information. ***See*** Appellee's Brief, at 14-15. This argument is wholly without merit. "It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation." ***Johnson***, 158 A.3d at 121 (citation omitted). Thus, obtaining the criminal information did not suffice to cure the defective colloquy that omitted the elements of the charged offenses.

entitled to a new trial because he went unrepresented for pretrial proceedings that constituted "critical stages."

"A judge's thorough inquiry into the accused's appreciation of both the right to counsel and the right to represent oneself must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding." ***Commonwealth v. Phillips***, 93 A.3d 847, 854 (Pa. Super. 2014) (citation and brackets omitted). "A critical stage in a criminal proceeding is characterized by an opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." ***Id.*** (citations omitted).

Whether or not Allison appealed the rulings on his pretrial motions is immaterial to whether such proceedings were a "critical stage." Further, we need not delve into the merits of Allison's pretrial motions. All that matters is that such a proceeding presented "an **opportunity** for the exercise of judicial discretion" or that "certain legal rights **may** be lost if not exercised at that stage." ***Id.*** (citation omitted; emphasis added). Deciding Rule 600 motions involves the exercise of judicial discretion. ***See Commonwealth v. Moore***, 214 A.3d 244, 247 (Pa. Super. 2019) ("In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion.") (citation omitted). Thus, the pretrial motions hearing was a "critical stage" during which Allison was unrepresented by counsel.

Therefore, because Allison did not, at that time, voluntarily, knowingly, and intelligently waive his right to counsel, conducting a "critical stage" of the proceedings without counsel was reversible error.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2025