J-S18013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JESSICA LYNN SETZLER | : | |
| Appellant | : | No. 660 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 8, 2025
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-MD-0000098-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JESSICA LYNN SETZLER | : | |
| Appellant | : | No. 668 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 8, 2025
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-MD-0000182-2025

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: **FILED: MAY 19, 2026**

Appellant, Jessical Lynn Setlzer, appeals from the April 8, 2025 aggregate judgment of sentence of 12 months of incarceration entered in the Northumberland County Court of Common Pleas following her conviction at two docket numbers of Indirect Criminal Contempt ("ICC").[1] Appellant claims

---

[1] 23 Pa.C.S. § 6114.

the trial court erred in failing to colloquy her before conducting the adjudicatory and sentencing hearing without counsel. After careful review, we vacate Appellant's judgment of sentence and her guilty plea and remand for further proceedings.

The relevant facts and procedural history are as follows. The Commonwealth charged Appellant with ICC after she violated a protection from abuse order ("PFA") on two separate occasions. On April 8, 2025, Appellant appeared at the adjudicatory hearing unrepresented by counsel and admitted that she violated the PFA order. The trial court did not colloquy Appellant to determine whether her waiver of counsel was knowing, intelligent, and voluntary as required by Pa.R.Crim.P. 121.

At the conclusion of the hearing, the trial court found Appellant guilty and imposed a term of 6 months of incarceration for each conviction, to be served consecutively. Appellant did not file a post-sentence motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issue on appeal:

Was [Appellant's] statutory right to counsel violated when she appeared *pro se* at an [ICC] proceeding for [] alleged PFA violations and no knowing, intelligent[,] and voluntary waiver of counsel was made?

Appellant's Br. at 6.

---

[2] In its Rule 1925(a) opinion, the trial court acknowledged its error in failing to conduct a guilty plea colloquy.

In support of this claim, Appellant argues that the trial court violated her statutory right to counsel and committed reversible error when it failed to conduct a thorough on-the-record colloquy to determine whether Appellant's waiver of counsel was voluntary, intelligent, and knowing. *Id.* at 9.

Our Domestic Relations Code provides that, although a person charged with ICC does not have a right to a jury trial, she "shall be entitled to counsel." 23 Pa.C.S. § 6114(b)(3).

A "defendant may waive the right to be represented by counsel." Pa.R.Crim.P. 121(A)(1). However, when a defendant seeks to waive the right to counsel, the court must "ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent" before permitting the defendant to proceed *pro se*. *Id.* at 121(A)(2). A trial court commits reversible error when it fails to conduct an on the record colloquy under Rule 121 before permitting the defendant to proceed *pro se*. *Commonwealth v. Johnson*, 158 A.3d 117, 122 (Pa. Super. 2017).

Our review of the record confirms that the trial court failed to conduct a Rule 121 colloquy before permitting Appellant to proceed *pro se* at the adjudicatory and sentencing hearing. Because the failure to conduct an on-the-record waiver of counsel colloquy constitutes reversible error, we vacate Appellant's judgment of sentence and her convictions, and remand for proceedings consistent with this memorandum.

Judgment of sentence vacated. Case remanded for further proceedings.

Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>05/19/2026</u>