J-S32029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| NICHOLAS ROBERT CRADDOCK | : | |
| Appellant | : | No. 18 MDA 2025 |

Appeal from the Judgment of Sentence Entered November 27, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003882-2018

BEFORE:     LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:     **FILED: DECEMBER 22, 2025**

Nicholas Craddock appeals from the judgment of sentence imposed after the court revoked his probation and resentenced him to a term of incarceration.  He claims that the court erred by allowing him to represent himself without ensuring that his waiver of counsel was knowing, intelligent and voluntary.   Upon review, we vacate the finding of a probation violation and the new judgment of sentence, and we remand for further proceedings.

In 2019, Craddock pled guilty to three counts of indecent assault of his 3 minor children.  The trial court sentenced him to 9 to 23 months' incarceration, followed by two consecutive terms of four years' probation.

---

[*] Former Justice specially assigned to the Superior Court.

Craddock served his maximum sentence and was released from custody on March 20, 2021, then started his probation.

Shortly thereafter, Craddock violated his probation by consuming alcohol on three different occasions. Following a hearing, the court found that Craddock violated his probation but allowed him to continue serving his original sentence of probation.

On October 18, 2024, the probation department filed a petition to revoke Craddock's probation for multiple technical violations. These included the use of illegal substances and alcohol and the failure to complete several special conditions, in July 2024. The court scheduled a probation revocation hearing.

On November 7, 2024, Craddock appeared for his hearing but did not have counsel. The Commonwealth indicated that, although there was an attorney of record, the district attorney believed that Craddock's listed counsel no longer represented Craddock. After some discussion, the court queried: "So the question is, what do you want to do?" The court further asked Craddock: "I mean, do you want to come back at some other time when you're lawyered up or do you want to take care of this now?" The following exchange ensued:

[CRADDOCK]: I'm ready to go on today, yes, Your Honor.

THE COURT: Are you sure?

[CRADDOCK]: Yes, sir.

THE COURT: Okay, because I'll do whatever you want in that

regard . . . .

The court then proceeded with Craddock's probation violation hearing without counsel for Craddock. Craddock admitted that he violated the conditions. The court revoked Craddock's probation and sentenced him to 9 to 23 months' incarceration. The court further ordered that all previous conditions of probation remained in effect, credited Craddock 104 days' credit for time served, and made him eligible for early parole if he completed the Freedom Program.

Craddock filed a counseled post-sentence motion. Therein, he claimed that he was entitled to 188 days of credit for time served. Additionally, he asked the court to remove the parole condition regarding completion of the Freedom Program. On November 27, 2024, after a hearing, the court granted his motion, credited him 188 days for time served, and ordered that he complete a different program before his release and submit to a drug and alcohol evaluation.

Craddock filed this timely appeal. He and the trial court complied with Appellate Rule 1925.[1]

Craddock raises the following two issues for our review:

> [1.] Is [] Craddock entitled to a new revocation hearing where he proceeded *pro se* at his hearing after he was allowed to waive

---

[1] We observe that Craddock's Appellate Rule 1925(b) statement was a day late. However, we decline to find waiver as the trial court addressed Craddock's issues. ***See Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*).

counsel without the colloquy required under [Pennsylvania Rule of Criminal Procedure] 121?

[2.] Where the amended version of 42 Pa.C.S.[A.] §9771 applied to the second revocation of Craddock's probation based on a technical violation, is his sentence of 9 to 23 months' incarceration illegal because the statutory maximum is 30 days' incarceration?

Craddock's Brief at 4.

In his first issue, Craddock claims that the trial court erred in allowing him to proceed *pro se*. Specifically, he maintains that the court did not conduct the colloquy required under Criminal Rule 121 to determine whether he knowingly, voluntarily, and intelligently waived representation by counsel. Craddock's Brief at 10, 21. According to Craddock, we should vacate the revocation of his probation and resulting judgment of sentence. *Id.* at 25.

The Commonwealth concedes that this Court should vacate Craddock's sentence and remand for a new violation hearing either with representation by counsel or a proper waiver on the record. Commonwealth's Letter at 1-3.

The court, however, disagreed. The court explained:

After a through review of the notes of testimony from November 7, 2024, the [] court is satisfied that [Craddock] knowingly and voluntarily waived his right to counsel. [Craddock] was provided with the opportunity to come back at a later date so that he could obtain counsel. [He] indicated that he was ready to proceed at that time without counsel, and that he was sure of that decision.

Trial Court Opinion, 4/17/25, at 1-2.

Nevertheless, recognizing the procedural requirements for waiving one's right to representation, it concluded:

> [S]hould the Superior Court deem it necessary, it may be appropriate to vacate [Craddock's] sentence and remand to the trial court so that [Craddock] can be given yet another chance to obtain a lawyer and to have yet another hearing on the petition for probation violation thereafter.

*Id.* at 2 (excessive capitalization omitted).

Regarding self-representation (or wavier of counsel), this Court has explained:

> It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation. Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless. Courts indulge every reasonable presumption against waiver of fundamental constitutional rights and [] we do not presume acquiescence in the loss of fundamental rights. A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.

***Commonwealth v. Johnson***, 158 A.3d 117, 121 (Pa. Super. 2017) (emphasis added) (citations and quotations omitted).

We have held that the determination of whether a valid waiver of counsel occurred implicates the requirements of Pennsylvania Rule of Criminal Procedure 121:

> [T]o make a knowing and intelligent waiver, the individual must be aware of both the nature of the right **and the risks and consequences of forfeiting it**. Failing to conduct an on the record colloquy pursuant to Rule 121(c) before allowing a defendant to proceed *pro se* constitutes reversible error. Once federal constitutional rights are involved, and once it is clear . . . a particular defendant did not exercise those rights, our inquiry must be whether there was a valid waiver of those constitutional rights . . . .

- 5 -

The inherent importance of the right to counsel justifies its overwhelming protection and the rigorous requirements necessary to find waiver.

*Johnson*, 158 A.3d at 121-22 (emphasis added) (citations and quotations omitted).

Here, the court did not conduct a sufficient colloquy under Rule 121 to determine whether Craddock's waiver of counsel was knowing, intelligent, and voluntary. The exchange between the court and Craddock, noted above, did not elicit important information to establish the adequacy of Craddock's waiver. Although it appears that Craddock may have understood he was proceeding without counsel, the court did nothing to determine whether Craddock knew what he was doing or giving up, or the consequences thereof. *See Commonwealth v. Robinson*, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) (explaining, "without [Pa.R.Crim.P. 121] colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with the lack of legal training"). We conclude that the court's questioning of Craddock was insufficient to constitute an adequate waiver of counsel.

Accordingly, we vacate both the order revoking Craddock's probation and the resulting judgment of sentence, and remand for additional

proceedings. Initially, the court shall determine the status of Cradock's counsel. The court may then proceed with a probation-revocation hearing.[2]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

P.J. Lazarus joins; P.J.E. Stevens concurs in result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/22/2025</u>

---

[2] Because of our disposition, we need not consider Cradock's second appellate issue. However, we note our disposition will allow the court to resentence Craddock in accordance with the sentencing provisions for technical violations in effect on June 11, 2024.