J-S40029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
           v.                        :
                                  :
                                  :
ALLEN PHYLETUS ROBERTS, JR.      :
                                  :
           Appellant            :    No. 58 MDA 2025

Appeal from the Judgment of Sentence Entered January 13, 2025
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000529-2024

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: FEBRUARY 3, 2026**

Allen Phyletus Roberts appeals, pro se, from the judgment of sentence entered in the Court of Common Pleas of Dauphin County for his convictions of Driving Under the Influence ("DUI"): Combination of Alcohol/Drugs, 75 Pa.C.S.A. § 3802(d)(3), and summary offenses of Failure to Stop at Red Light, 75 Pa.C.S.A. § 3112(a)(3)(i), Improper Left Turn, 75 Pa.C.S.A. § 3331(b), and Improper Sunscreening, 75 Pa.C.S.A. § 4524(e)(1). Roberts purports to raise various issues regarding the validity of the traffic stop and the sufficiency of the evidence. However, our independent review of the record indicates that the waiver of counsel colloquy did not fully comply with Pennsylvania Rule of Criminal Procedure 121. We are constrained to make this finding despite the conscientious efforts of the trial judge to properly advise Roberts. Therefore, we must vacate Roberts' judgment of sentence and remand for a new suppression hearing and trial.

On August 26, 2023, Roberts was pulled over by a Pennsylvania State Trooper near the Capitol Complex in Harrisburg for running through a red light. The trooper initiated a traffic stop and upon approaching Roberts' vehicle observed that the window tint completely obscured the driver. While interacting with Roberts, the trooper observed that Roberts had bloodshot, glassy eyes, an odor of marijuana, and ash on the console. Roberts also admitted to consuming alcohol before driving. After checking Roberts' driver's license and vehicle registration, the trooper informed Roberts that he suspected Roberts to be under the influence and that Roberts would need to perform a roadside sobriety test before he was permitted to leave. Roberts refused to cooperate.

The trooper gave Roberts numerous opportunities to cooperate and take a field sobriety test but Roberts continued to refuse. Roberts had to be forcibly removed from his vehicle by multiple officers and the use of a taser. Thereafter, Roberts continued to refuse to submit to any form of DUI testing such that the trooper was never able to conduct a field sobriety test or obtain a blood test. At the suppression hearing, the trooper referred to the stop as "one [in a] thousand[]" based on Roberts defiant behavior and repeated refusal to cooperate. N.T., 11/6/24, at 26.[1]

---

[1] We commend the trooper and other officers for their professional behavior during this unfortunate occurrence.

Roberts was charged with the above-mentioned offenses and resisting arrest, 18 Pa.C.S.A. § 5104. Roberts filed a pro se suppression motion and a hearing was held on November 6, 2024. Before the suppression hearing began, the trial court colloquied Roberts on his right to counsel and found that Roberts voluntarily and knowingly waived his right to counsel. At the conclusion of the hearing, the trial court denied Roberts' suppression motion and the Commonwealth withdrew the charge of resisting arrest.

The matter proceeded to a non-jury trial on January 13, 2025. The trial court found Roberts guilty of the remaining charges and sentenced him to 72 hours incarceration, six months' probation, and costs and fines. Roberts timely appealed pro se. He filed a court ordered concise statement and the trial court filed an opinion in support of its ruling.[2] **See** Pa.R.A.P. 1925(a)-(b).

On appeal, Roberts raises various issues regarding the validity of the traffic stop and the sufficiency of the evidence.

---

[2] On appeal various procedural matters occurred before our present review. The trial court filed a supplemental opinion after the transcript of the bench trial was filed. We dismissed Roberts' appeal for failure to file a brief and, upon his request, reinstated his appeal. **See** Order, 7/2/25; Order, 7/17/25. Roberts filed his appellate brief and various applications for relief. We ordered the trial court to review the record and inform this Court whether the document mentioned by Roberts should be included in the certified record. **See** Order, 8/8/25. The trial court issued a statement that based on its review of the record there was no "Exhibit 14." **See** Trial Court Statement, 8/15/25. Thereafter, the Commonwealth filed its brief, Roberts filed a reply brief, and the matter was submitted to this panel for review.

However, before we can address those issues we must consider whether Roberts voluntarily and knowingly waived his right to counsel. When a defendant represents himself on appeal we may raise this issue *sua sponte*. ***See Commonwealth v. Johnson***, 158 A.3d 117, 121 (Pa. Super. 2017) (raising the issue *sua sponte* for a pro se appellant); ***see also Commonwealth v. Gorrio***, No. 807 MDA 2022, 2023 WL 8111852, at *2-3 (Pa. Super. filed Nov. 22, 2023) (unpublished memorandum) (finding waiver of challenge to the defendant's waiver of his right to counsel when the defendant was represented by counsel on appeal but failed to raise the issue in his 1925(b) statement).[3]

"A trial court's thorough inquiry into the accused's appreciation of both the right to counsel and the right to represent oneself must be used in certain summary proceedings, at trial, guilty plea hearings, sentencing, and every 'critical stage' of a criminal proceeding." ***Commonwealth v. Forrester-Westad***, 282 A.3d 811, 816-17 (Pa. Super. 2022) (citation, brackets, and emphasis omitted). We have recognized that a suppression hearing constitutes a critical stage. ***See Johnson***, 158 A.3d at 123.

"It is the responsibility of the trial court to ensure that a colloquy is performed if the defendant has invoked his right to self-representation." ***Id.*** at 121 (citation omitted). "Deprivation of the right to counsel, or the right to

---

[3] Unpublished memorandums filed after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).

waive counsel, can never be harmless." ***Commonwealth v. Phillips***, 141 A.3d 512, 517 (Pa. Super. 2016) (citation omitted).

Pennsylvania Rule of Criminal Procedure 121 sets forth the minimum requirements for a valid waiver of counsel colloquy.

**(A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if

errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.C.P. 121(A)(1)-(2).

The following exchange occurred before the start of the suppression hearing.

THE COURT: Sir, it's been brought to my attention it's your desire to represent yourself and not utilize an attorney; is that correct?

[ROBERTS]: Yes, sir.

THE COURT: All right. And have you attempted to secure legal counsel?

[ROBERTS]: I spoke with legal counsel a few times.

THE COURT: Okay. And you're entitled, if you wish, to represent yourself. But before I can accept that waiver of counsel, I have to make sure you fully understand what your rights are and that you make a knowing and voluntary decision. Okay?

[ROBERTS]: Yes, sir.

THE COURT: So I guess the first question would be, how old are you and how far have you gone in school?

[ROBERTS]: I'm 47 years old. I completed school. I have a GED.

THE COURT: All right. Do you have any advanced training like collegiate, prelaw, paralegal, any kind of training along those lines?

[ROBERTS]: I had some paralegal training.

THE COURT: Tell me about your paralegal training.

[ROBERTS]: Just during the course of being incarcerated learning the law.

THE COURT: All right. So not formal training?

[ROBERTS]: No.

THE COURT: Okay. I'll start off with the premise there's an old saying that goes way back, I think to Benjamin Franklin, and that's the person that represents himself in a legal proceeding has a fool for a client. That's the wisdom of generations saying, if you're going to play football, you better know the rules before you step onto the field.

First of all, do you understand you have an absolute right to have an attorney?

[ROBERTS]: Yes, sir.

THE COURT: All right. And if you can't afford an attorney, you have the right to have one appointed for you free of charge. Do you understand that as well?

[ROBERTS]: Yes, sir.

THE COURT: Have you applied for a public defender or do you not qualify?

[ROBERTS]: I don't think I qualify.

THE COURT: All right. So you attempted and you make too much?

[ROBERTS]: I believe so.

THE COURT: All right. And you understand the charges that are against you and what the penalties are?

[ROBERTS]: Yes, sir.

THE COURT: All right. Can you put those on the record? I think the most recent case law I looked at, he has to be aware of not only the maximum incarceration but actually the maximum penalties he could be exposed to.

ATTORNEY PORTER: Yes, Your Honor.

So he has a first offense DUI combination. So with the D3 first offense, it would be two years' maximum incarceration. And

then he has a resisting arrest graded as an M2, so that would be two years as well as a possible penalty. He has a prior record score of 5, Your Honor.

The guidelines would be a one to nine on the resisting and a 72 hours to three months on the DUI/controlled substance combination.

THE COURT: There's a fine on Count 1 that would be up to $5,000 up to M2, correct?

ATTORNEY PORTER: On the resisting, yes. For the DUI, it's an ungraded misdemeanor. And I believe that's a—

THE COURT: It could be up to $5,000 as well.

ATTORNEY PORTER: Okay.

THE COURT: Because it's the controlled substance.

ATTORNEY PORTER: That's right.

THE COURT: And the other ones are simply summary offenses that would have $25 base fines and some surcharges.

Sir, do you understand the amount of exposure you have in the event you are convicted on these charges?

[ROBERTS]: Yes, I do.

THE COURT: All right. And you understand that lawyers get special training in the law to understand the elements of the offenses, constitutional rights, as well as rules of procedure and rules of evidence. All right.

You've not had any training in that area. But if you proceed and represent yourself, you realize you're bound by the same rules of evidence and procedures as if you were an attorney. Do you understand that?

[ROBERTS]: Yes, sir.

THE COURT: All right. And if you had an attorney, even if that attorney didn't do everything correctly and you would be able to

bring a postconviction hearing act against them, if you represent yourself, you can't claim your own ineffectiveness if you are convicted. Do you understand that as well?

[ROBERTS]: Yes, sir.

THE COURT: Again, any other questions you think would be appropriate?

ATTORNEY PORTER: No. Your Honor, I believe we covered everything for the purposes of a **Grazier**.[4] It appears that he understands and he's had other proceedings related to this case so I believe he understands the possible outcome.

THE COURT: Critical question. You understand your right to counsel, you're knowingly and voluntarily declining to use an attorney, correct?

[ROBERTS]: Yes, sir.

THE COURT: And no one is forcing you to do this. This is your decision?

[ROBERTS]: Yes, sir.

THE COURT: All right. Be careful what you wish for.

[ROBERTS]: I have one question. The resisting arrest, you said the maximum on that was 24 months. I thought—

THE COURT: A misdemeanor of the second degree. By statute a misdemeanor of the second degree means it can go up to two years' imprisonment and the fine can go up to $5,000.

[ROBERTS]: Okay. Because I heard her say one and nine.

THE COURT: That would be the sentencing guidelines that would apply. And those are advisory as to where the sentence should start if you're convicted. That takes into consideration prior record and offense gravity score, which is set by the sentencing condition.

_____

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[ROBERTS]: Also, the DUI, first offense DUI, the maximum on that was what? Because you said it was—

THE COURT: Six months.

[ROBERTS]: You said it was a controlled substance.

THE COURT: It's the highest tier. So if you have a BAC over a .16 or you have a controlled substance or a combination, it's the highest tier, first offense, so that's why it's still an ungraded misdemeanor. If you had a second one, you would be looking at a misdemeanor of the first degree, I believe.

So these are described as stackable convictions. If you're charged after a conviction, the penalties all go up. Do you understand all that?

[ROBERTS]: Yes, sir.

THE COURT: Any other questions?

[ROBERTS]: No, sir.

THE COURT: Is it your desire then to represent yourself?

[ROBERTS]: Yes, sir.

THE COURT: All right. The Court finds that he is making a knowing and voluntary decision. It may be ill-advised but that's not my call.

And you're ready to proceed?

[ROBERTS]: Yes, sir.

N.T., 11/6/24, at 5-11.[5]

_____

[5] The following exchange briefly occurred before the bench trial.

*(Footnote Continued Next Page)*

Our review indicates that the trial court did not fully address each element in Rule 121. Specifically, the trial court did not explain the elements of the offenses, and that there are possible defenses and other rights, which counsel might be aware of, that may be lost if not timely asserted. Accordingly, Roberts did not knowingly, voluntarily, and intelligently waive his right to counsel. *See Commonwealth v. Allison*, No. 1667 MDA 2024, 2025 WL 2953665, at *3 (Pa. Super. filed Oct. 20, 2025) (failure to explain elements of charged offenses to the defendant was a defective colloquy that mandated vacating the judgment of sentence).

Therefore, we are constrained to vacate Roberts' judgment of sentence and remand for a new suppression hearing and trial.[6] *See Johnson*, 158 A.3d at 123 (remanding for a new suppression hearing).

---

THE COURT: First[,] I have a question for you. Is it still your desire to continue to represent yourself pro se?

[ROBERTS]: Yes, sir.

N.T., 1/13/25, at 4.

[6] Typically, when we vacate and remand for failure to waive the right to counsel we will still consider a sufficiency challenge because "a retrial on this offense would be precluded in the event the issue has merit." *Commonwealth v. Phillips*, 93 A.3d 847, 855 (Pa. Super. 2014) (citation omitted). However, we decline to address the sufficiency of the evidence because Roberts has only made generalized conclusory statements in his sufficiency of the evidence argument and failed to specify which element of the offense the Commonwealth failed to prove. *See generally* Appellant's Brief; Reply Brief, at 16-19. Further, based on our disposition we decline to address the other arguments raised by Roberts.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/03/2026